**UNITED STATES**

v.

**DOBROWOLSKI et al. (Henderson, Third-party Defendant).**

**Civ. A. No. 7248.**

United States District Court
D. Maryland.

July 7, 1954.

George Cochran Doub, U. S. Atty., and Herbert H. Hubbard, Asst. U. S. Atty., Baltimore, Md., for the United States.

Clay, Jewell, Baltimore, Md., for defendants and third-party plaintiffs.

Thomas G. Gray and Samuel B. Drue, Baltimore, Md., for third-party defendant.

WILLIAM C. COLEMAN, Chief Judge.

This case is now before the Court for a decision as to the application of Rule 14(a) of the Rules of Civil Procedure, 28 U.S.C.A. which relates to third-party practice.

The material facts are as follows: the original defendants contracted with one Guy E. Henderson, trading as Eastern Sheet Metal and Roofing Company, in Baltimore, to do certain work on their property and to supply certain equipment at an agreed price, for which the defendants gave Henderson a promissory note payable to his order and insured by the Federal Housing Administration in accordance with the provisions of title 1, section 2 of the National Housing Act, 12 U.S.C.A. § 1703. The note was subsequently transferred for value, before maturity and before default in any of the payments thereon, to the Provident Savings Bank of Baltimore, which at the time of the purchase of the note had no notice of any infirmity in the instrument or defect in the title of the transferer. When the note became due and payable, the Provident Savings Bank of Baltimore made proper demand on the defendants for payment in full, because of non-payment of monthly installments agreed to be made, and that Bank shortly thereafter assigned all its right, title and interest in the note to the Federal Housing Administration which paid the Bank the balance due, both principal and interest, in compliance with the provisions of the aforesaid Act. The United States, by reason of this assignment to the Federal Housing Administration, has made demand upon the defendants for payment and upon refusal, has brought this suit. Before filing an answer, the defendants prayed leave of this Court for service of a summons and third-party complaint upon Henderson, the payee of the note, on the ground that they "have causes of action growing out of the transaction for which

the note was given, and it may be liable jointly to the defendants and third-party plaintiffs, or to the plaintiff, for all or a part of the latter's claim against your petitioners as defendants; * * *." This motion of the defendants to implead was granted. Thereupon, Henderson filed a motion to dismiss the third-party complaint for want of jurisdiction and it is on this motion that the matter is now before the Court.

▮▮ Rule 14(a) reads as follows insofar as pertinent to the question as issue: "WHEN DEFENDANT MAY BRING IN THIRD PARTY. Before the service of his answer a defendant may move ex parte or, after the service of his answer, on notice to the plaintiff, for leave as a third-party plaintiff to serve a summons and complaint upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * *." The underlying purpose of this Rule is to consolidate suits that should be tried together, in the interest of saving the time of the courts, parties and witnesses, and avoiding unnecessary expense. But the Rule is not intended to be used as a means for trying, in the same proceeding, two separate and distinct causes of action. Here the Government is suing on the note as a holder of it with title derived from a holder in due course, namely, the savings bank, and as one that has not been a party to any fraud or illegality affecting the instrument, and thus has all the rights of the former holder in due course in respect of all parties prior to the latter. Uniform Negotiable Instruments Act, Art. 13, Ann.Code of Md.1951, Sec. 78. The Government was not a party to the contract between the defendants and

Henderson. Whether Henderson, as payee of the note, is entitled to be paid or whether the makers of the note, the defendants, have a good defense against payment, whether it be fraud or what not, on the part of the payee, are questions not involved in the Government's suit.

▮ The same question has been before other District Courts on similar facts, and similar motions of third-party defendants were granted, as we think, rightly. See especially United States v. Jollimore, 2 F.R.D. 148, decided by the District Court for the District of Massachusetts; and United States v. Dehaven, 13 F.R.D. 435, decided by the District Court for the District of Michigan, Southern Division.

▮ Under Rule 14(a) the trial court is clearly clothed with discretion to deny the impleading of a third-party defendant, if, as here, it would introduce a controversy unrelated to the Government's claim and would unduly complicate the case, to the Government's prejudice. See in addition to the cases just cited, Lees Inc. v. Trans-Continental Underwriters of Trans-Continental Insurance Co., D.C., 9 F.R.D. 470, a decision by Judge Chesnut in this Court.

Counsel for the original defendants rely largely on United States v. Pryor, 2 F.R.D. 382, a decision of the District Court for the Northern District of Illinois. That case involved some facts quite different from those here presented. If it may correctly be construed as differing from our conclusion on the precise issue before us, we are not disposed to follow it.

Accordingly, the motion of the third-party defendant to dismiss the third-party complaint will be granted.