**592**

**H–10 WATER TAXI COMPANY, Ltd.,
a corporation, Libelant,**

v.

**UNITED STATES of America,
Respondent.**

**No. 65–1379.**

United States District Court
S. D. California,
Central Division.

March 29, 1966.

Allan F. Bullard, San Pedro, Cal., for libelant.

Manuel L. Real, U. S. Atty. for Southern District of California, by Clarke A. Knicely, Asst. U. S. Atty., and by John F. Meadows, Attorney in Charge, West Coast Office, Admiralty and Shipping Section, and Gerald A. Falbo, Attorney, Admiralty and Shipping Section, Department of Justice, Los Angeles, Cal., for respondent.

THURMOND CLARKE, District Judge.

This action presents a single question of law: In absence of a contract between the particular parties, may a shipowner recover from a negligent third party the sums paid for maintenance and cure of an injured seaman?

There is no dispute as to the facts. The United States had entered into a contract with Craig Shipbuilding Company for ship repair. That company engaged libelant to haul garbage from one of the U. S. vessels, the PLATTE. The seaman, Jack Cosgrove (now deceased) worked aboard the libelant's vessel the RAMONA. Sailors were transferring a 50-gallon steel drum of garbage from the PLATTE to the RAMONA when the drum somehow slipped and fell toward the deck of the latter vessel, striking and injuring Cosgrove.

The seaman brought a state court action against his employer for maintenance and cure; he recovered $3,000.00. (Cosgrove brought another action against the United States and his employer in U. S. District Court. That action terminated in a consent decree against the Government. It has no relevance to the present proceeding.)

Libelant now seeks to recover the $3,000.00 and attorney fees it expended in the state court action. The Government argues responsibility for maintenance and cure arises solely from the shipowner-seaman relationship, and in the absence of contract it cannot be indirectly imposed on a third party by way of indemnity.

This precise issue has been considered in only a few cases, and they are in sharp conflict. See Gilmore and Black, The Law of Admiralty, 273 ff. (1957); Edelman, Maritime Injury and Death, 433 (1960). A majority of the courts which have considered the question have denied recovery.

The United States Court of Appeals for the Ninth Circuit, in United States v. Tug Manzanillo, 310 F.2d 220 (1962), finds such liability may arise from contract between the parties but not through subrogation.

There being no contract between the particular parties, the court finds libelant has no right of indemnity against respondent.

Counsel for respondent shall prepare findings of fact, conclusions of law, and judgment in accordance herewith.