**UNITED STATES of America, Plaintiff,**

v.

**William GALLAGHER, Defendant.**

**No. 8627.**

United States District Court,
W. D. Washington,
at Seattle.

Nov. 30, 1970.

 

until the termination of the voyage for which Frey had signed articles, and for maintenance from the date of injury until he was declared fit for duty.

On May 21, 1969 the Superior Court of the State of Washington for King County, by way of summary judgment, adjudged defendant liable to Frey and the matter was subsequently compromised and settled between the parties. There is, however, no evidence before this court with respect to the amount paid or the items of special damage involved in Frey's claim.

A question of indemnification such as this may arise in two situations. One is where a contract exists between employer and tortfeasor, and the injury is a result of the tortfeasor's breach of that contract. Such a situation is a clear fallout from *Ryan*[1] and was recognized as such in United States v. Tug Manzanillo, 310 F.2d 220 (9th Cir. 1962), where United States as employer was awarded indemnity.

The other situation is where, as here, a tortfeasor injures the seaman and the element of contract, express or implied, between the tortfeasor and the employer is absent.

In this circumstance there is a split of authority evidenced by two leading cases, The Federal No. 2, 21 F.2d 313 (2nd Cir. 1927), denying indemnity, and Jones v. Waterman S.S. Corp., 155 F.2d 992 (3rd Cir. 1946) allowing indemnity. In The Federal No. 2, the court reasoned that unless the injury arose out of a breach of a contractual obligation between the tortfeasor and the employer, the tortfeasor owed no legal duty to the employer with respect to the contractual obligations of an employer to a seaman. Since the right to maintenance and cure is contractual, the court concluded that the employer's liability for maintenance and cure could not be shifted to the tortfeasor.

Stan Pitkin, U. S. Atty., Seattle, Wash., Lawrence F. Ledebur, Chief, Admiralty & Shipping Section, U. S. Dept. of Justice, Washington, D. C., James C. Ausum, Howard, LeGros, Buchanan & Paul, Seattle, Wash., for plaintiff.

Don M. Gulliford, Rutherford, Kargianis & Austin, Seattle, Wash., for defendant.

## OPINION

BEEKS, District Judge.

In this action United States seeks indemnification for unearned article wages and maintenance paid to a maritime employee who was negligently injured by defendant. The facts are not in dispute.

On July 31, 1968, at Poulsbo, Washington, defendant, owner/operator of a taxicab, negligently operated his taxicab in such a manner as to cause injury to Ronald J. Frey, a passenger.

At the time of the accident Frey was a member of the crew of SS GREENBAY VICTORY, owned by plaintiff, and was returning to his ship from authorized shore leave.

As a result of personal injuries sustained, United States, through its General Agent, Prudential Lines, Inc., paid Frey unearned wages in the sum of $963.03 and maintenance in the sum of $1,256.00, for a total sum of $2,219.03. These sums represent amounts due him for lost wages from the date of injury

1. Ryan Stevedoring Co. v. Pan-Atlantic S.S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956).

**428**

On the other hand, Jones v. Waterman analogized the relationship of shipowner to seaman to that of father and child, and found that the shipowner, like a father, could be indemnified for maintenance and cure paid for the benefit of the seaman. It further compared the status of shipowner and seaman to that of the United States and a member of its armed forces. In making this comparison, the Court relied upon the District Court's opinion in United States v. Standard Oil Co., 60 F.Supp. 807 (S.D. Cal.1945).

In *Standard Oil*, a soldier was injured as a result of the negligence of Standard Oil Co. Relying on the theory that the government-soldier relationship is a status similar to that of master and servant, or parent and child, or husband and wife, the District Court permitted the government to be reimbursed for lost wages and expenses of hospitalization incurred as a result of the accident. On appeal, however, the Ninth Circuit Court of Appeals reversed. In so doing, it cited with approval The Federal No. 2. The Supreme Court subsequently affirmed the Court of Appeals, but did so on other grounds not here material.

Although I am well aware of the equities of plaintiff's position [2] and sympathetic to its cause, I feel constrained to follow the pronouncement of the Court of Appeals to which I am accountable that it approves the holding in The Federal No. 2.[3] For this reason I am of the opinion that the Government does not have a right of indemnification herein.[4]

Accordingly, the action is dismissed. Defendant's counsel shall prepare decree in accordance herewith for presentation to the court upon five days notice to plaintiff.

2. See G. Gilmore & C. Black, The Law of Admiralty, § 6–19, 276–77 (1957).

3. Since *Standard Oil* and *Federal No. 2* were decided on tort principles, and prior to the enunciation of the *Ryan* doctrine, they are indicative of the position of the Court of Appeals in tort cases, such as involved here, where the claim of breach of warranty is not available.

4. Furthermore, since this question of indemnification is not peculiar to the law of admiralty, its extension to cases such as this would open the doors to a vast amount of litigation. The advisability of unleashing such an extension is best left to the legislative branch of government.