**UNITED STATES of America, Plaintiff-Appellant,**

v.

**William GALLAGHER, Defendant-Appellee.**

**No. 71-1538.**

United States Court of Appeals, Ninth Circuit.

Oct. 3, 1972.

James C. Ausum (argued), John H. Bradbury, of Howard, LeGros, Buchanan & Paul, Seattle, Wash., Lawrence F. Ledebur, Chief, Admiralty Section, Washington, D. C., Stan Pitkin, U. S. Atty., Seattle, Wash., for plaintiff-appellant.

Don M. Gulliford (argued), of Rutherford, Kargianis & Austin, Seattle, Wash., for defendant-appellee.

Before HAMLEY, HUFSTEDLER and GOODWIN, Circuit Judges.

HUFSTEDLER, Circuit Judge:

The Government filed a complaint against Gallagher, who negligently injured a seaman employed by the United States, to recover sums it paid its seaman for maintenance and cure. The district court dismissed the action, and the Government appeals. 322 F.Supp. 426.

The case was tried on stipulated facts. In 1968, Gallagher negligently drove his taxicab, causing injury to Frey, the seaman, who was a passenger in the cab. Frey was a civilian crewmember on a vessel owned by the Government. He was on shore leave when he was hurt. The Government paid Frey maintenance and cure during his recuperation.

Frey brought a damage action against Gallagher in state court. After the court decided liability in Frey's favor in 1969, the case was settled on terms undisclosed in our record. The Govern-

ment did not try to intervene in the state action, and the parties did not attempt to join the Government. The Government brought this action to recover indemnity from Gallagher after the state action was concluded.

■ Can the Government as shipowner maintain an independent indemnity action against a tortfeasor whose injury to the Government's seaman caused it to pay maintenance and cure, where there is no special relationship, contractual or otherwise, between the Government and the tortfeasor and where there is no statute expressly creating the right? We hold that it cannot.

The Government advances three theories upon which it bases its asserted right to maintain the action: (1) Under Jones v. Waterman S. S. Corp. (3d Cir. 1946) 155 F.2d 992, a shipowner-employer has a common law right to recover indemnity from a tortfeasor whose injury to the seaman caused the employer to pay maintenance and cure; (2) it has an equitable right to indemnification to prevent unjust enrichment of the tortfeasor; and (3) it has a right derived from the Suits in Admiralty Act (46 U. S.C. § 741 et seq., particularly 46 U.S.C. §§ 742, 751) to recover reimbursement from the tortfeasor.

In Jones v. Waterman, *supra*, the seaman, Jones, brought a damage action against Reading, a third party tortfeasor, to recover for his injuries. Jones settled with Reading for $750 and gave Reading a release. Jones then sued the shipowner, Waterman, for maintenance and cure. Waterman impleaded Reading to recover from it any payments it might have to make to Jones. The Court first held, and rightly so, that Jones's release of Reading did not affect his right of action against Waterman, or Waterman's right, if any, against Reading. The rights of each were independent of the other's. The Court's second holding was that Waterman had a common law right to recover damages from Reading to reimburse it

for its payment to Jones. *Jones* rejected the only case directly on point, The Federal No. 2 (2d Cir. 1927) 21 F.2d 313, which held that no common law right existed. It chose to rely on an analogy drawn from a district court's decision in United States v. Standard Oil Co. (S.D.Cal.1945) 60 F.Supp. 807, and on an assumed analogy to a common law right of a master to recover damages from a tortfeasor who injured his servant.

The authority of *Standard Oil Co.* collapsed when the Supreme Court reversed it (332 U.S. 301, 67 S.Ct. 1604, 91 L.Ed. 2067). The analogy to the common law action by a master for injuries to his servant is inapt. The ancient common law action permitted the master to recover for the loss of his servant's services, a right derived from concepts rooted in feudalism. The shipowner's obligation to pay his seaman maintenance and cure is also very old, but its ancestry is different. (Gilmore and Black, The Law of Admiralty (1957) pp. 253–254.) Maintenance and cure provides the seaman with support and medical help. A right to reimbursement for such payment bears no perceivable resemblance to a right to recover damages for loss of services, except perhaps that the tortfeasor could pay both claims in cash.

■ We refuse to follow *Jones*. We adopt the conclusion of *The Federal No. 2* that the shipowner has no common law right to recover maintenance and cure payments from a tortfeasor who injures a seaman. (*Cf.* H–10 Water Taxi Co., Ltd. v. United States (9th Cir. 1967) 379 F.2d 963, 964, aff'g (S.D.Cal.1966) 252 F.Supp. 592.)

The Government and Gallagher are total strangers. If any equitable right emerges, it must be based on the theory that Gallagher will be unjustly enriched unless he is required to reimburse the Government. (*See* United Air Lines v. Wiener (9th Cir. 1964) 335 F.2d 379, 398–399.)[1] The Government's insur-

---

1. The Government's attempt to draw more nourishment from *Wiener* than the state-

ment of the general principles of law applicable to the doctrine of equitable

mountable problem in this case is that there is nothing in the record to support an assumption that Gallagher is or could be unjustly enriched if he does not reimburse the Government. Gallagher has been sued and has paid damages. There is no basis to infer that his payment excluded damages for medical expenses and loss of earnings, items of damage ordinarily recoverable in a common-law personal injury action. The doctrine of equitable indemnity is not applied to compel a tortfeasor to pay twice.[2]

The Suits in Admiralty Act does not help the Government's cause. Sections 742[3] and 751[4] did not create any new substantive rights of action. Even if we assumed, *arguendo*, that the cited sections were intended to put the Government in the same legal position as a private shipowner,[5] the Government's argument fails because the private shipowner does not have a legal or an equitable right to indemnity under the circumstances of this case.

Affirmed.

indemnity is unavailing. The Government and United Air Lines were joint tortfeasors joined in the same action. *Wiener* applied equitable indemnity to distribute the loss between them based on their respective degrees of culpability.

In the instant case the Government's liability for maintenance and cure is not predicated on fault or negligence but solely on the contract of employment. *See* Aguilar v. Standard Oil Co. (1943) 318 U.S. 724, 63 S.Ct. 930, 87 L.Ed. 1107.

2. We are unmoved by the Government's argument that, if it cannot maintain an independent action against the tortfeasor, it can only protect itself by refusing to pay its seaman maintenance and cure until the seaman sues it. The Government knew about Frey's action against Gallagher, and it took no steps to intervene or to remove the action to the federal courts. If Congress had intended that seamen not receive maintenance and cure payments where recovery has been had from the tortfeasor, it could have enacted legislation to give the Government a lien on the seaman's recovery. *Cf.* Federal Employees' Compensation Act, 5 U.S.C. § 751 et seq., 5 U.S.C. § 776.

3. In cases where if such vessel were privately owned or operated, or if such cargo were privately owned or possessed, or if a private person or property were involved, a proceeding in admiralty could be maintained, any appropriate nonjury proceeding in personam may be brought against the United States or against any corporation mentioned in section 741 of this title. Such suits shall be brought in the district court of the United States for the district in which the parties so suing, or any of them, reside or have their principal place of business in the United States, or in which the vessel or cargo charged with liability

is found. The libelant shall forthwith serve a copy of his libel on the United States attorney for such district and mail a copy thereof by registered mail to the Attorney General of the United States, and shall file a sworn return of such service and mailing. Such service and mailing shall constitute valid service on the United States and such corporation. In case the United States or such corporation shall file a libel in rem or in personam in any district, a cross libel in personam may be filed or a set-off claimed against the United States or such corporation with the same force and effect as if the libel had been filed by a private party. Upon application of either party the cause may, in the discretion of the court, be transferred to any other district court of the United States. 46 U.S.C. § 742.

4. All moneys recovered in any suit brought by the United States on any cause of action arising from, or in connection with, the possession, operation, or ownership of any merchant vessel, or the possession, carriage, or ownership of any cargo, shall be covered into the United States Treasury to the credit of the department of the Government of the United States, or of the corporations' mentioned in section 741 of this title, having control of the vessel or cargo with respect to which such cause of action arises, for reimbursement of the appropriation, or insurance fund, or other funds, from which the loss, damage, or compensation for which said judgment was recovered has been or will be paid. 46 U.S.C. § 751.

5. The Suits in Admiralty Act is a "sue and be sued" statute, but it has not been construed to confer on the Government a right to sue which is coextensive with the rights of private shipowners. *E. g.*, Puget Sound Stevedoring Co. v. United States (W.D.Wash.1923) 287 F. 751.