Mark P. **DISHONG**, Plaintiff,

v.

**PEABODY CORP.**, Defendant and Third–Party Plaintiff,

v.

**Tidewater Orthopaedic Associates, Inc. and Tidewater Physical Therapy, Inc., Third–Party Defendants.**

No. CIV.A.4:03 CV 107.

United States District Court, E.D. Virginia, Newport News Division.

Dec. 12, 2003.

---

Jesse M. Suit, III, Esquire, Kalfus & Nachman, Norfolk, VA, for Plaintiff.

David N. Ventker, Esquire, Ventker & Associates, PLLC, Norfolk, VA, for Defendant and Third–Party Plaintiff.

Jason R. Davis, Esquire, Kaufman & Canoles, PC, Norfolk, VA, for Tidewater Orthopaedic Associates Third–Party Defendant.

John Franklin, III, Esquire, Taylor & Walker, PC, Norfolk, VA, for Tidewater Physical Therapy, Inc. Third–Party Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

This matter comes before the court on third-party defendants' motions for a more definite statement and motions to strike the third-party complaint and to strike the third-party plaintiff's responses to the third-party defendants' motions for a more definite statement. For the reasons set forth below, the third-party complaint is **DISMISSED WITHOUT PREJUDICE.** Accordingly, third-party defendants' pending motions are MOOT.

### I. Procedural History

Plaintiff Mark P. Dishong, a resident of Virginia, filed a complaint in the above-captioned matter on August 18, 2003. Plaintiff's "First Cause of Action" alleges that, pursuant to the Jones Act, 46 U.S.C. § 688 (2000), and general United States maritime law, plaintiff is entitled to damages for injuries he sustained due to the negligence of defendant Peabody Corporation ("Peabody"), a Virginia corporation, and the unseaworthiness of the F/V Janice Lynell, which was owned and operated by Peabody. (Compl.¶¶ 1–7.) Specifically, plaintiff claims that on or about July 31, 2002, while in the course and scope of his employment aboard the F/V Janice Lynell, Peabody's negligence and the vessel's unseaworthiness caused plaintiff serious injury "when the rope attached to the ice hole hatch cover broke while plaintiff was pulling on the

rope to close the hatch causing plaintiff to fall into the ice hole." (Compl.¶ 5.) Plaintiff's "Second Cause of Action" seeks maintenance and cure, as well as attorney's fees, "by virtue of his service on the vessel," and alleges that defendant withheld maintenance and cure payments during the period of his disability. (Compl.¶ 12.)

On September 17, 2003, Peabody filed an answer to plaintiff's complaint. Attached to the answer was a third-party complaint impleading third-party defendants Tidewater Orthopaedic Associates, Inc. ("Tidewater Orthopaedic"), a Virginia corporation, and Tidewater Physical Therapy, Inc. ("Tidewater Physical Therapy"), also of Virginia. The third-party complaint alleges that Peabody is entitled to contribution and indemnification for all liability arising from plaintiff's Second Cause of Action. Specifically, it claims that upon information and belief, plaintiff's claims for maintenance and cure arise from injuries he sustained while being treated by third-party defendants, and seeks contribution and indemnification for any maintenance and cure it has already paid or is ordered to pay to plaintiff. Peabody claims that third-party defendants negligently prescribed and conducted a "functional capacity examination" which resulted in a hernia. Peabody does not claim contribution or seek indemnification for any judgment rendered against it on plaintiff's First Cause of Action for Peabody's own alleged negligence or the alleged unseaworthiness of the F/V Janice Lynell.

On October 14, 2003, Tidewater Physical Therapy filed a motion for a more definite statement, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. On October 16, 2003, Tidewater Orthopaedic filed a motion for a more definite statement, which requested clarification of a number of specific factual and legal contentions. On October 28, 2003, Peabody filed responses to each of the third-party defendants' motions. Rather than argue that a more definite statement was unnecessary, Peabody provided a more definite statement of the basis for its third-party claim, and supplied the information requested by Tidewater Orthopaedic.[1] On October 31, 2003, Tidewater Physical Therapy filed a reply to Peabody's response, and a motion to strike the third-party complaint and Peabody's response to Tidewater Physical Therapy's motion for a more definite statement, pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. On November 3, 2003, Tidewater Orthopaedic filed its reply and a motion to strike the third-party complaint and Peabody's response to Tidewater Orthopaedic's motion for a more definite statement. On November 14, 2003, Peabody filed a memorandum in opposition to the third-party defendants' motions to strike. On November 21, 2003, Tidewater Orthopaedic filed a reply to Peabody's memorandum in opposition. The time for Tidewater Physical Therapy to file a reply has run. On December 4, 2003, Peabody requested a hearing on the pending motions. A hearing is not needed to resolve this matter.

## II. Standard of Review

 Rule 14(c) of the Federal Rules of Civil Procedure permits the defendant in a maritime suit to file a third-party complaint impleading a third-party defendant who is liable to the defendant or to the plaintiff.[2] The defendant may serve summons and a copy of the third-party complaint on a third-party defendant without obtaining leave of the court, if it does so within ten days of filing its original answer. Fed.R.Civ.P. 14(a);

---

**1.** Peabody's response also appears to assert additional theories of relief that were not alleged in the third-party complaint. Specifically, Peabody states in its responses to the motions for a more definite statement that it is also proceeding under breach of contract and breach of warranty of workmanlike service theories. Peabody did not bring claims under these theories or plead facts sufficient to support them in the third-party complaint, and it has not requested leave of the court pursuant to Rule 15(a) to amend its pleading. Therefore, these bases of recovery are not before the court. The only claim Peabody has properly made is one for indemnification for the maintenance and cure obligations it may have to plaintiff on account of the third-party defendants' alleged negligent treatment of plaintiff.

**2.** The third-party complaint does not allege that third-party defendants are directly liable to plaintiff. Moreover, if it did, this court would probably lack subject matter jurisdiction over the claim. See Lewis v. United States, 816 F.Supp. 1097, 1100 (E.D.Va.1993) ("Rule 14 does not provide a basis for subject matter jurisdiction.").

*Lewis v. United States,* 816 F.Supp. 1097, 1099 n. 3 (E.D.Va.1993). Nevertheless, whether to permit the third-party claim to remain in the lawsuit is a matter left to the sound discretion of the district court. *Duke v. Reconstr. Fin. Corp.,* 209 F.2d 204, 208 (4th Cir.1954), *cert. denied,* 347 U.S. 966, 74 S.Ct. 777, 98 L.Ed. 1108 (1954). This is as true of third-party claims brought under Rule 14(c) as it is under Rule 14(a). *See Lewis,* 816 F.Supp. at 1099 n. 3 (implying Rule 14(a) procedures into claim brought under Rule 14(c)). The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined and brought in so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit. *Glens Falls Indem. Co. v. Atl. Bldg. Corp.,* 199 F.2d 60, 63 (4th Cir.1952). Impleader will be liberally allowed, if it will prevent duplication of suits based on closely related matters. *See, e.g., Noland Co. v. Graver Tank Mfg. Co.,* 301 F.2d 43, 50 (4th Cir.1962) (holding that district court has discretion to permit third-party claim for damages different from and in excess of the first-party claim). However, courts need not permit the defendant to implead a third party when doing so might prejudice the original plaintiff or the third-party defendant. *E.g., United States v. Dobrowolski,* 16 F.R.D. 134, 136 (D.Md.1954); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1443, at 301 (2d ed.1990). If bringing in the third party will introduce unrelated issues and unduly complicate the original suit, impleader may be denied. *Dobrowolski,* 16 F.R.D. at 136. Moreover, a lack of similarity between the issues and evidence required to prove the main and third-party claims may be sufficient to warrant the dismissal of an impleaded party. Wright & Miller § 1443, at 310; *United States Fid. & Guar. Co. v. Perkins,* 388 F.2d 771, 773 (10th Cir.1968) ("If impleading a third party defendant would require the trial of issues not involved in the controversy between the original parties without serving any convenience, there is no good reason to permit the third-party complaint to be filed.").

### III. Analysis

■ The court will not permit Peabody to implead the third-party defendants in this case because introduction of the third-party claim into this lawsuit would do nothing but unduly complicate matters, possibly to the prejudice of plaintiff and third-party defendants. Plaintiff's Second Cause of Action claims that Peabody failed to pay plaintiff maintenance and cure after he became disabled while in service of the F/V Janice Lynell. "Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel. The shipowner's obligation is deep-rooted in maritime law and is an incident or implied term of a contract for maritime employment." *Evans v. Blidberg Rothchild Co.,* 382 F.2d 637, 639 (4th Cir.1967). The duty of the shipowner to pay maintenance and cure to a seaman who falls ill or suffers injury while "in service" of the ship is owed regardless of whether the shipowner was negligent and even of whether the shipowner caused the illness or injury at all. *Calmar S.S. Corp. v. Taylor,* 303 U.S. 525, 527, 58 S.Ct. 651, 82 L.Ed. 993 (1938). Relief for failure to pay maintenance and cure is not an award of compensation for the disability suffered, but rather reimbursement for costs incurred to maintain the disabled seaman's standard of living during the period of his disability ("maintenance"), as well as reimbursement for the costs of his care ("cure"), including any nursing and medical attention during such period as the duty continues. *See id.* at 528, 58 S.Ct. 651.

Peabody's third-party claim appears to be predicated on a general maritime-law right of shipowners to recover maintenance and cure payments made to an injured seaman from a third-party tortfeasor whose negligence caused the seaman's disability.[3] As an initial

---

3. Peabody also requests that "if Plaintiff is adjudged entitled to recover on his second cause of action for maintenance and cure, such judgment be entered against the Third–Party Defendants and Peabody Corp. be exonerated from Plaintiff's claim for maintenance and cure." (Third–Party Compl. at 6.) There is no basis in law for such a shifting of the obligation to pay maintenance and cure. If plaintiff is successful in his suit for maintenance and cure, then Peabody, as ship-

matter, it is unclear whether such a right of action exists.[4] Regardless, if such a cause of action does exist, it would require Peabody to prove that third-party defendants are tortfeasors. In other words, Peabody would have to prove that third-party defendants' medical malpractice was the cause of plaintiff's damages for maintenance and cure.[5] The elements of a medical malpractice claim based on common-law negligence are: (1) a duty of care arising from the existence of a doctor-patient relationship; (2) breach of that duty through failure to exercise reasonable care; (3) actual and proximate causation of injury to the plaintiff; and (4) damages. *See* Michael D. McCafferty and Steven M. Meyer, *Medical Malpractice: Bases of Liability* § 2.01, at 15 (1985).

The issues raised by the third-party complaint are unrelated to those presented in plaintiff's complaint, and almost all of the evidence that would be relevant to the third-party claim has no connection to the original claims. To succeed in his claim for maintenance and cure, plaintiff needs to prove only that: (1) he was a seaman employed on the F/V Janice Lynell; (2) Peabody is the owner

of that vessel; (3) while "in service" of the F/V Janice Lynell, plaintiff became ill or injured; and (4) during the period of his disability Peabody failed to fulfill its duty to provide him maintenance and cure. Plaintiff does not necessarily even have to prove how he became disabled, much less that the injury resulted from any party's negligence. Permitting Peabody to implead third-party defendants would therefore add an entirely new set of issues to the litigation. Peabody would have to prove that: (1) third-party defendants owed a duty of care to plaintiff; (2) they breached that duty by prescribing and conducting the functional capacity examination; (3) the breach proximately caused plaintiff to suffer a hernia; and (4) the existence of the hernia resulted in Peabody paying maintenance and cure to plaintiff. The presence of these additional issues could work prejudice against the plaintiff, as the jury might well lose sight of the fact that Peabody is contractually liable to plaintiff for maintenance and cure regardless of fault and causation. The mere presence of additional defendants could prejudice plaintiff's Jones Act and unseaworthiness claims which are legally unrelated to his claim for maintenance

owner, is wholly liable to plaintiff for those sums because it was Peabody's duty to pay maintenance and cure to plaintiff regardless of fault.

Further, though Peabody claims it is also seeking contribution from third-party defendants, none of plaintiff's claims could subject third-party defendants to contribution liability as joint tortfeasors. Plaintiff's claim for maintenance and cure arises under contract law and thus there is no possibility of contribution liability, which is a tort-law concept.

4. Such a right has been recognized as arising under federal maritime law in three circuits, *see, e.g., Bertram v. Freeport McMoran, Inc.,* 35 F.3d 1008, 1014 (5th Cir.1994); *Black v. Red Star Towing & Transp. Co.,* 860 F.2d 30, 34 (2d Cir. 1988) (en banc); *Gooden v. Sinclair Ref. Co.,* 378 F.2d 576, 582 (3d Cir.1967); but has been expressly rejected by the Ninth Circuit. *See United States v. Gallagher,* 467 F.2d 1103, 1104 (9th Cir.1972). The Fourth Circuit has not addressed the issue. Moreover, leading maritime and admiralty authorities are in disagreement as to the state of the law. *Compare* Thomas J. Schoenbaum, *Admiralty and Maritime Law* § 6–35, at 378 (3d ed. 2001) ("An employer who pays maintenance and cure to a seaman has a right to complete indemnity from an independent tortfeasor whose fault or negligence was the sole cause of the injury."); and Grant Gilmore & Charles L.

Black, *The Law of Admiralty* § 6–18, at 319 (2d ed. 1975) ("[T]he long-term trend seems to have been toward [recognizing a right of action based in maritime law]."); *with* Martin J. Norris, *The Law of Seamen* § 26:32, at 88 (4th ed. 1985) ("The weight of authority indicates a negative answer [to the question of whether a right of action in maritime law exists].").

5. The court notes that none of the cases recognizing a shipowner's right to seek indemnity for maintenance and cure payments from a third-party tortfeasor involved a medical malpractice claim. *See supra* note 4. While it is one thing for courts to recognize a federal-law right to seek indemnification against a third-party where a negligently misplaced ladder causes a seaman's injury, *see Bertram,* 35 F.3d at 1011, or a negligent driver hits a seaman, causing him injury, *see Richardson v. St. Charles–St. John the Baptist Bridge & Ferry Auth.,* 284 F.Supp. 709, 711 (E.D.La.1968), it is another to hold that a shipowner has a federal right of action for the medical malpractice of a seaman's treating physicians. Nearly every time a seaman falls ill or is injured, and therefore becomes entitled to maintenance and cure from the shipowner, physicians are involved in treating him. Recognition of such a right of action in this instance would open the floodgates to federal court litigation of state-law negligence issues.

and cure. Moreover, the only witness that the third-party claim is likely to have in common with the original claims is plaintiff himself. Virtually none of the evidence would overlap, except perhaps for proof that plaintiff is injured. Finally, third-party defendants' liability to Peabody does not hinge on Peabody's liability to plaintiff. Thus, permitting the third-party claim to remain in this lawsuit would not serve the purposes of Rule 14 and would likely prejudice the plaintiff and third-party defendants.

### IV. Conclusion

For the reasons stated, the third-party complaint is **DISMISSED WITHOUT PREJUDICE** to defendant filing a later action for indemnification, if appropriate at the conclusion of this case.[6] Third-party defendants' motions for a more definite statement and to strike are **MOOT**.[7] The Clerk is **DIRECTED** to send a copy of this Opinion and Order to counsel for all parties.

**IT IS SO ORDERED.**

---

6. The parties are not diverse. Whether the action is one in this court, *see supra* note 4 and accompanying text, or in state court, *see supra* note 1, remains an issue.

7. The third-party defendants filed motions to strike the third-party complaint, but both brought their motions under Federal Rule of Civil Procedure 12(f). Rule 12(f) permits the court to strike "redundant, immaterial, impertinent, or scandalous matter" from a pleading, but it does not provide a basis for dismissing an entire complaint or third-party complaint. Nevertheless, given the court's complete discretion under Rule 14 not to permit a third-party claim to remain in the suit, and the fact that third-party defendants requested that the complaint against them be eliminated, the court has, in effect, granted third-party defendants' motions to strike.