HORTON, Judge.
Appellant was the plaintiff and the appel-lee the defendant in the court below. Fernando Corella, a Cuban national, filed suit in the Circuit Court for Dade County, Florida, alleging that he was injured in foreign waters, near Jamaica, while in the employ of the appellee, McCormick Shipping Corporation, a Panamanian corporation. Corella was employed as a seaman on a vessel owned by the appellee, known as the S. S. Queen of Nassau. This vessel flew the flag of Panama and was also registered there. Corella signed his contract of employment in Miami, Florida. The contract provided for application of Panamanian law.
The complaint was brought under the Jones Act, Title 46 U.S.C.A. § 688, and consisted of three counts. Count one charges the appellee with negligence that proximately caused his injury. Count two charges the appellee with negligence in failing to provide proper medical care and treatment, which aggravated his injury. Count three sought compensation for maintenance and cure while incapacitated.
The court below granted summary judgment in favor of the appellee as to Count one, finding as a matter of law that the Jones Act was not applicable; directed a verdict in favor of the appellee as to Count two on the ground that the appellant failed to establish any actionable negligence; and directed a verdict in favor of the appellant as to liability on Count three, whereupon the jury returned a verdict of $11,374.60, and judgment on that verdict was duly entered. The appellant appeals from the adverse rulings of the court below as to Counts one and two. No appeal has been taken from the judgment rendered under Count three.
The appellant urges two points for reversal of the judgment entered below, i. e., (1) the court below erred in failing to apply the Jones Act under Count one, and (2) the court below erred in finding as a matter of law that there was no evidence of actionable negligence under Count two. We will consider the points in the order as posed.
For some time there existed considerable confusion as to the application of the Jones Act. This confusion was occasioned to some degree by the opening words of the act which made reference to “any seaman”. The courts had generally interpreted the words literally and had gone so far as to extend the remedies under the Jones Act to foreign seamen injured on the high seas while in the employ of a foreign vessel. Taylor v. Atlantic Maritime Co., 2 Cir., 179 F.2d 597, 600, and Atlantic Maritime Co. v. Rankin, 1951, 341 U.S. 915, 71 S.Ct. 736, 95 L.Ed. 1350. However, the Supreme Court of the United States, speaking through Justice Jackson, in Lauritzen v. Larsen, 1953, 345 U.S. 571, 73 S.Ct. 921, 933, 97 L.Ed. 1254, considered the following as essential elements in determining the applicability of the Jones Act:
(1) Place of the wrongful act;
(2) Law of the flag;
(3) Allegiance or domicile of the injured ;
*905 (4) Allegiance of the defendant shipowner ;
(5) Place of contract;
(6) Inaccessibility of foreign forum.; and
(7) The law of the forum.
The facts in Lauritzen v. Larsen, supra, are that Larsen, a Danish citizen, while temporarily in New York, joined the crew of the ship Randa, a ship of Danish flag and registry. He signed a contract of employment which provided for the application of Danish law. Larsen was injured aboard the vessel Randa while in the harbor of Havana, Cuba. The only apparent connection with this country was the signing of the contract of employment by Larsen in New York. The court refused to apply the Jones Act and in so doing said:
“This review of the connecting factors which either maritime law or our municipal law of conflicts regards as significant in determining the law applicable to a claim of actionable wrong shows an overwhelming preponderance in favor of Danish law. The parties are both Danish subjects, the events took place on a Danish ship, not within our territorial waters. Against these considerations is only the fact that the defendant was served here with process and that the plaintiff signed on in New York, where the defendant was engaged in our foreign commerce. * * * But we can find no justification for interpreting the Jones Act to intervene between foreigners and their own law because of acts on a foreign ship not in our waters.”
As in the Lauritzen case, the only factor apparent upon which application of the Jones Act could be had to the case at bar was the signing of the contract of employment in Miami, Florida. Accordingly, the court below was correct in holding that the Jones Act was inapplicable.
Count two charges the appellee shipowner with negligence in failing to provide proper medical care and treatment which resulted in aggravation of the appellant’s injury. It has long been recognized that, under the general maritime law, a shipowner is responsible to a seaman for maintenance and cure for injuries sustained while in the service of the ship. Harden v. Gordon, C.C.D.Me.1823, 11 Fed. Cas. p. 480, No. 6,047; Reed v. Canfield, C.C.D.Mass.1832, 20 Fed.Cas. p. 426, No. 11,641; the Osceola, 1903, 189 U.S. 158, 175, 23 S.Ct. 483, 47 L.Ed. 760. The right to maintenance and cure arose out of the contract of employment and by reason of the relationship of the parties. Cortes v. Baltimore Insular Line, 1932, 287 U.S. 367, 371, 53 S.Ct. 173, 77 L.Ed. 368. The obligation is imposed upon the shipowner without regard to the manner in which the injury may have occurred or whether it was with or without fault of the shipowner. Calmar Steamship Corporation v. Taylor, 1938, 303 U.S. 525, 527, 58 S.Ct. 651, 82 L.Ed. 993. See also Lauritzen v. Larsen, supra. The right to damages for aggravation by failing to provide proper medical care and treatment must of necessity have had its origin in the right of' maintenance and cure. Until the Jones Act, a seaman was never accorded the right to a recovery against the shipowner for negligent acts and it is only by reason thereof is he entitled to a recovery today. Gilmore & Black, The Law of Admiralty, § 6-3, et seq. (Foundation Press, 1957). Count two, in substance, charged a negligent or tortious failure of the shipowner to provide proper medical care and treatment. The court below found as a matter of law that the appellant did not come within the provisions of the Jones Act. Consequently, the only remedy left to the appellant would be under the general maritime law based upon his contractual relationship with the shipowner. See Sims v. United States of America War Shipping Administration, 3 Cir., 1951, 186 F.2d 972, certiorari denied, 1957, 342 U.S. 816, 72 S.Ct. 31, 96 L.Ed. *906 617. In Lauritzen v. Larsen, supra, [345 U.S. 571, 73 S.Ct. 931] the court said:
“But a Jones Act suit is for tort, in which respect it differs from one to enforce liability for maintenance and cure. As we have said of the latter, ‘In the United States this obligation has been recognized consistently as an implied provision in contracts of marine employment. Created thus with the contract of employment, the liability, unlike that for indemnity or that later created by the Jones Act, in no sense is predicated on the fault or negligence of the shipowner.’ Aguilar v. Standard Oil Co., 318 U.S. 724, 730, 63 S.Ct. 930, 933, 87 L.Ed. 1107. DeZon v. American President Lines, 318 U.S. 660, 667, 63 S.Ct. 814, 818, 87 L.Ed. 1065. Calmar S. S. Corp. v. Taylor, 303 U.S. 525, 527, 58 S.Ct. 651, 652, 82 L.Ed. 993. But this action does not seek to recover anything due under the contract or' damages for its breach.”
This court is fully cognizant of the fact that the measure of damages recoverable for negligent or tortious acts under the Jones Act is, in many instances, the same as a recovery for similar acts flowing out of the breach of contractual relationship under the general maritime law. Justice Cardozo pointed out in Cortes v. Baltimore Insular Line, supra [287 U.S. 367, 53 S.Ct. 174]:
“If the failure to give maintenance or cure has caused or aggravated an illness, the seaman has his right of action for the injury thus done to him; the recovery in such circumstances including not only necessary expenses, but also compensation for the hurt. The Iroquois, 194 U.S. 240, 24 S.Ct. 640, 48 L.Ed. 955.”
The basis of the judgment entered by the court below on Count two was the insufficiency of the evidence to establish actionable negligence on the part of the appellee shipowner. Inasmuch as we have concluded that appellant would have no-remedy under the Jones Act for tortious acts of the shipowner, it becomes immaterial as to whether or not the evidence was sufficient or insufficient to establish negligence, for the appellant would not be entitled to recover as a matter of law and the court below would have been warranted in entering summary judgment against him.
The judgment appealed from is affirmed without prejudice to the appellant to seek such additional remedy as he might have under the general maritime law.
Affirmed.
CARROLL, CHAS., C. J., and PEARSON, J., concur.