294 So.2d 101 (1974)
Jesus Vizoso VALVERDE, Appellant,
v.
KLOSTERS REDERI A/S, a/k/a Norwegian Caribbean Lines, Appellee.
No. 73-1181.
District Court of Appeal of Florida, Third District.
April 30, 1974.
*102 Reginald M. Hayden, Jr., Miami, for appellant.
Fowler, White, Humkey, Burnett, Hurley & Banick, and William B. Milliken, Miami, for appellee.
Before PEARSON, HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of the trial court's order granting the defendant-appellee's motion to dismiss this action for lack of jurisdiction over the subject matter.
Plaintiff, Jesus Valverde, a national of Spain, filed a complaint for damages under the Jones Act, Title 46 U.S.C.A. § 688, in the Dade County Circuit Court against the defendant, Norwegian Caribbean Lines. The record reflects the following: (1) plaintiff-appellant is a citizen and domiciliary of Spain, (2) the contract of employment was signed in Spain and was written in Spanish and Norwegian, (3) said contract provided that plaintiff's rights and obligations are those under Norwegian Law, (4) that appellant is receiving benefits in accord therewith, (5) defendant is a Norwegian corporation and the ship, the M/V Sunward, upon which the plaintiff was employed is of Norwegian flag and registry, (6) the accident occurred on the high seas off the coast of the Bahamas, and (7) plaintiff's only contact with this country is upon the ship's arrival in port to pick up passengers and supplies.
Based upon the above facts it conclusively appears that the trial court lacks jurisdiction over the subject matter and was correct in granting defendant's motion to dismiss therefor. See Corella v. McCormick Shipping Corporation, Fla.App. 1958, 101 So.2d 903.
Accordingly, the order herein appealed is affirmed.
Affirmed.