HERSEY, Chief Judge.
The dismissal with prejudice of its third-party complaint seeking indemnification from Wolfin and Antoine occasions this appeal by the defendant-third-party complainant, Diamond Blue Charter, Inc. (Charter).
While in the . course and scope of her employment with Charter as a crew member of the vessel “Domino,” Barbara Mac-Namara was injured in an automobile accident allegedly caused by the negligence of Wolfin and Antoine. As a result, MacNa-mara filed an action against Charter for “maintenance and cure.” In turn, Charter filed the third-party complaint for indemnity against Wolfin and Antoine, dismissal of which is the subject of this appeal.
The unspecified issue is whether Charter has a cause of action against Wolfin and Antoine.
Maritime law compels Charter to provide maintenance and cure to MacNamara. Corella v. McCormick Shipping Corp., 101 So.2d 903 (Fla. 3d DCA 1958). Charter, as an innocent employer who provides maintenance and cure, is then given a right of indemnity under maritime law against the tortfeasors, Wolfin and Antoine, who allegedly caused the automobile accident. Adams v. Texaco, Inc., 640 F.2d 618 (5th Cir.1981). The difficulty with this latter theory is that maritime law does not apply to the nonmaritime wrong, an automobile accident. See Bradley v. Guy, 438 So.2d 854 (Fla. 5th DCA 1983). See also Gauthier v. Crosby Marine Service, Inc., 576 F.Supp. 681 (E.D.La.1983). Under Florida law, applicable here, there is not that special relationship between Charter and Wolfin-Antoine which would render Charter only “vicariously, constructively, derivatively or technically liable” for the negligence of Wolfin-Antoine. Charter was liable to MacNamara by virtue of their relationship one to the other as maritime employer and employee. There was no relationship with Wolfin-Antoine. Thus, there is no recognizable right to indemnity. Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979).
The final issue, decided sub silento below, is that any right to subrogation which Charter might otherwise be able to assert is prohibited by the collateral source statute, section 627.7372, Florida Statutes (1985). This position is incorrect. The collateral source statute protects against double recovery. It has no application as a shield for a tortfeasor and it has no application here. See Blue Cross & Blue Shield of Florida, Inc. v. Matthews, 498 So.2d 421 (Fla.1986).
When one party (Charter) pays money because of the wrongful acts of another party (Wolfin-Antoine),. then the paying party is subrogated to the rights of the receiving party (subject to any liabilities of or defenses against the receiving party) as against the wrongdoer. See Allstate Insurance Co. v. Metropolitan Dade County, 436 So.2d 976 (Fla. 3d DCA 1983), rev. denied, 447 So.2d 885 (Fla.1984).
Charter should have been permitted to amend its complaint to state a cause of action for subrogation.
REVERSED AND REMANDED.
GLICKSTEIN and WALDEN, JJ., concur.