The plaintiffs American Commercial Barge Line Company and American Commercial Barge Line LLC (hereinafter jointly referred to as "ACBL") sued Allen Chase Roush for indemnification for "maintenance" and "cure" payments ACBL had made to its employee Roy Hester. ACBL made those payments to Hester because Hester, who had been a passenger in an automobile driven by Roush, was injured in an accident while en route to his vessel. Roush moved to dismiss the action, arguing that Alabama law did not recognize a right of indemnity for maintenance and cure payments in the absence of a contractual or statutory right. The trial court granted that motion. ACBL appeals. For the reasons discussed below, we reverse and remand.
 I. Background
ACBL employed Hester in various capacities as a seaman from 1972 until his death in 1998. On October 31, 1996, ACBL assigned Hester to the M/VChristian Brinkop, as its captain. The vessel was located at that time in Greenville, Mississippi. Hester set off from Mobile for Greenville as a passenger in Roush's automobile. Before even making it out of Mobile, they were involved in an automobile accident. As a result of that accident, Hester suffered injuries that prevented him from taking command of the Christian Brinkop. He was unable to work from the date of the accident until his death. During that period, ACBL paid $76,275.84 in "maintenance" and $64,708.82 in "cure."
On October 27, 1999, ACBL filed this action against Roush, alleging that Roush had negligently or wantonly caused the automobile accident in which Hester was injured. Further, ACBL alleged that it had not been at fault in any way in regard to the automobile accident and, thus, it argued that it was entitled to indemnification from Roush for the amount of the maintenance and cure payments it made to Hester.
Roush moved the trial court to dismiss the action, arguing that Alabama law did not recognize a cause of action for indemnification of maintenance and cure payments. In addition, Roush argued, even if Alabama law did recognize such a cause of action, ACBL's action was barred by the statute of limitations because ACBL had filed it more than two years after the date of the accident. The trial court dismissed the action. ACBL appealed.
 II. Discussion
It is well settled that a seaman injured in the service of his ship is entitled to benefits for maintenance and cure from his employer, regardless of fault. That obligation of the employer is "[a]mong the most pervasive incidents of the responsibility anciently imposed upon a shipowner." Aguilar v. Standard Oil Co., 318 U.S. 724, 730 (1943). "Maintenance" is the right of a seaman to payment by his employer for food and lodging if he is injured or becomes ill while in the service of his ship. Calmar S.S. Corp. v. Taylor, 303 U.S. 525, 527 (1938). "Cure" is the right of a seaman to payment by his employer for medical expenses,Vella v. Ford Motor Co., 421 U.S. 1, 5 (1975); that right continues until the seaman reaches "maximum cure," Farrell v. United States, 336 U.S. 511,513 (1949). Maintenance and cure are available to a seaman *Page 728 
who is injured on land, as well as at sea, if the injury may be deemed to have occurred in the service of the seaman's ship. See generally Charles L. Black, Jr., and Grant Gilmore, The Law of Admiralty, §§ 6-7, -8 (2d ed. 1975). Courts have held that a seaman injured on land while traveling to his ship, as is the case here, may recover maintenance and cure. See Aguilar v. Standard Oil Co. of New Jersey, supra, and Farrell v. United States, supra (in both cases seamen injured while returning to their ships from shore leave were entitled to receive maintenance and cure).
An initial question we must address concerns the body of law applicable. In short, is this case governed by maritime law or by the law of Alabama? ACBL argues that this case is governed by maritime law, and we agree.
We note that at least one court has held that maritime law does not apply in a similar situation. In Jones v. Waterman Steamship Corp.,155 F.2d 992 (3d Cir. 1946), a seaman was injured when he fell into a ditch while crossing a pier immediately after leaving his ship. The United States Court of Appeals for the Third Circuit held that the seaman's employer would have a cause of action against a third party who owned the property on which the ditch was located, but that the cause of action would be based on state law. The court wrote: "Under the decisions of the American courts there is no doubt that Waterman's cause of action does not lie within the purview of the maritime law." 155 F.2d at 997, n. 3. However, the court provided no substantive analysis explaining its conclusion, and Professors Grant Gilmore and Charles L. Black state that the Third Circuit's holding placed it in the minority of courts that have considered similar cases. They write:
 "There is less reason to follow the Third Circuit in its assumption that the indemnity action is not a maritime law question and that state law applies. The maintenance and cure action is of course maritime and will be governed by maritime law no matter in what court it is pursued. The indemnity action seems closely enough related to be equally considered as maritime: indeed only the Third Circuit in the Waterman opinion has ever suggested that it was not."
Gilmore and Black, supra, § 6-8, p. 319 (footnotes omitted). Gilmore and Black also note that at least one court has implicitly rejectedWaterman's conclusion that state law applies. See Gilmore and Black, p. 319 n. 89, citing Richardson v. St. Charles-St. John the Baptist Bridge Ferry Auth., 284 F. Supp. 709 (E.D.La. 1968). Further, they note: "In all the other cases the judges have assumed without discussion that state law is irrelevant." Id.
Our holding in Sheffield v. Owens-Corning Fiberglass Corp., 595 So.2d 443
(Ala. 1992), is consistent with Gilmore and Black's conclusion. In that case, we held:
 "Although the claims of the plaintiffs against the shipowners for Jones Act negligence and unseaworthiness are not at issue in this appeal, it is undisputed that federal law governs those claims. It follows, therefore, that federal maritime law also governs the indemnity claims of the shipowners against [third-party defendants.] Vaughn v. Farrell Lines, Inc., 937 F.2d 953, 956 (4th Cir. 1991) (where the `underlying tort claims from which the indemnity claim is derived . . . are maritime tort claims,' the `"indemnity claim arising therefrom is similarly a maritime claim"'); White v. Johns-Manville Corp., 662 F.2d 243, 247 (4th Cir. 1981); Swogger v. Waterman S.S. Corp., 151 A.D.2d 100, 546 N.Y.S.2d 80 *Page 729 
(1989); T. Schoenbaum, Admiralty and Maritime Law § 4-15, at 146 (1987) (`There is admiralty jurisdiction over controversies involving contribution and indemnification if jurisdiction exists over the underlying primary cause of action')."
Id. at 447.
This indemnity action arises out of the shipowner's payment of maintenance and cure to the injured seaman, Hester. Therefore, in light of this Court's analysis in Sheffield, and in light of the other authorities discussed above, we conclude that maritime law applies in this case. But see Diamond Blue Charter, Inc. v. Wolfin, 518 So.2d 467
(Fla.Dist.Ct.App. 1988) (shipowner not entitled to indemnification by third-party tortfeasor, where seaman was injured in automobile accident; court held maritime law did not apply, and Florida law did not allow indemnification).
State courts have concurrent jurisdiction with federal courts over cases involving maritime law, and when a maritime action is brought in a state court the state court must apply the principles of maritime law.Continental Cas. Co. v. Canadian Universal Ins. Co., 605 F.2d 1340 (11th Cir. 1979). Mindful of that rule, we must determine whether maritime law provides for the indemnification ACBL seeks.
We recognize that there is not complete agreement among the federal circuit courts that have considered the question whether a shipowner may be awarded indemnification against a third-party tortfeasor who is not bound by any kind of contractual relationship with the injured seaman or the shipowner. The United States Court of Appeals for the Ninth Circuit has held that a shipowner does not have a right of indemnification in such a situation. United States v. Gallagher, 467 F.2d 1103 (9th Cir. 1972).
Despite the Ninth Circuit's conclusion, we believe the better analysis to be that applied by the United States Courts of Appeals for the Second and Fifth Circuits. The Fifth Circuit has held that a "shipowner may recover those payments from a third-party whose negligence partially or wholly caused the seaman's injury." Bertram v. Freeport McMoran, Inc.,35 F.3d 1008, 1013 (5th Cir. 1994). The Second Circuit has reached the same conclusion. In Black v. Red Star Towing Transportation Co.,860 F.2d 30 (2d Cir. 1988), a seaman employed on a tugboat was injured when a ladder that he was climbing gave way. Mobil Oil Corporation ("Mobil") owned the ladder and the pier to which the ladder was attached. In the litigation that ensued, the trial court held that the seaman's employer was not entitled to be indemnified by Mobil. On appeal, the Second Circuit noted that the seaman's employer and Mobil had no contractual relationship, and the court rejected the employer's theory that it should be allowed recovery under an implied-contract theory. However, the court concluded that the employer was nonetheless entitled to a recovery in equity. See also Amerada Hess Corp. v. Owens-CorningFiberglass Corp., 627 So.2d 367, 370 (Ala. 1993) (quoting fromRestatement (Second) of Torts § 886B (1977): "`The basis for indemnity is restitution, and the concept that one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay.'").
With regard to the question whether ACBL's indemnification claim is barred by the statute of limitations, we note that in an action seeking indemnification the limitations period does not begin to run until liability has become fixed. See Central Rivers Towing, Inc. v. City ofBeardstown, 750 F.2d 565 (7th Cir. 1984); see also *Page 730 United States Lines, Inc. v. United States, 470 F.2d 487
(5th Cir. 1972); and Alabama Kraft Co. v. Southeast Alabama Gas Dist.,569 So.2d 697, 700 (Ala. 1990). The date the cause of action accrued, then, depends on when the liability became fixed. That is a fact question for the trial court to address on remand.
 III. Conclusion
ACBL's complaint states a claim cognizable under maritime law, and the record does not indicate that that claim is barred by the statute of limitations. Accordingly, the judgment of dismissal is reversed and the case is remanded.
REVERSED AND REMANDED.
Hooper, C.J., and Cook, Brown, and Johnstone, JJ., concur.
Lyons, J., recuses himself.