On September 11, 1998, Carolyn Russell and her husband brought an action alleging breach-of-contract claims, various breach of-implied-warranty claims, negligence claims and a claim under the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD") for damage to their newly constructed house in Muscle Shoals caused by a black sooty residue that began to accumulate shortly after Russell[1] moved in to the house. The complaint alleged that the black sooty residue had been caused by the decomposition of defective ductwork insulation manufactured by CertainTeed Corporation, a Pennsylvania corporation, that was distributed throughout the house through the air handler of the house's heating, ventilating, and air-conditioning ("HVAC") system.[2] Russell and her husband sued CertainTeed and an additional defendant, Allen's Air Conditioning, Inc. ("Allen's"), the company that had installed the HVAC system that contained the CertainTeed ductwork insulation. CertainTeed answered and asserted various affirmative defenses, including the statute of limitations; Allen's answered and asserted a cross-claim against CertainTeed based upon alleged defects in CertainTeed's products that Allen's had installed.
On June 16, 2001, CertainTeed and Allen's each moved for a summary judgment. *Page 1268 
After conducting a hearing, the trial court entered a summary judgment as to the Russells' breach-of-contract and breach of implied-warranty-of-habitability claims against CertainTeed and Allen's, but it denied the summary-judgment motions as to all remaining claims.
On November 29, 2001, the trial court entered an order dismissing, with prejudice, the claims of Russell's husband, pursuant to a stipulation between him and the defendants. The case was then tried to a jury over the course of three days. Under court supervision, the jury inspected Russell's house, in its unrepaired condition.
At the close of the presentation of Russell's evidence, CertainTeed moved for a judgment as a matter of law ("JML"), pursuant to Rule 50, Ala. R. Civ. P., on all of Russell's claims against it. In its motion for a JML, CertainTeed contended that Russell's claim under the AEMLD was time-barred, because, it argued, claims predicated on the AEMLD must be brought within two years of the time the cause of action accrues pursuant to § 6-2-38(l), Ala. Code 1975. Citing Rumford v. Valley PestControl, Inc., 629 So.2d 623 (Ala. 1993), CertainTeed contended that the two-year limitations period had begun to run when Russell discovered the damage to her home. In its motion, CertainTeed noted that Russell had testified that she had discovered the damage in January 1996, and it contended that her AEMLD claim had therefore accrued at that time; however, it noted, the AEMLD claim was not brought until September 1998. CertainTeed further contended in its motion for a JML, that, to the extent that Russell had asserted a claim for negligence, that claim was subsumed under the AEMLD claim; therefore, it argued, she was barred from asserting a claim of negligence as a separate cause of action. As to Russell's claims of breach of an implied warranty of merchantability and breach of an implied warranty of fitness for a particular purpose, CertainTeed contended that those claims were barred because of the lack of privity between Russell, the ultimate consumer of the product, and CertainTeed, the initial manufacturer of the allegedly defective product. CertainTeed cited §§ 7-2-314 and 7-2-315, Ala. Code 1975, as authority for its argument that Russell's breach-of-implied-warranty claims were barred, and it contended that the language contained in those statutes required privity of contract in order for a purchaser to recover damages based on a breach-of-implied-warranty claim. The trial court granted CertainTeed's motion for a JML with respect to Russell's negligence claim, but it denied all other relief sought.
On the evening before the conclusion of the trial, Allen's was dismissed as a party defendant on Russell's motion. At the close of all of the evidence, CertainTeed again moved for a JML. The trial court denied the motion. The jury returned a verdict in favor of Russell, assessing damages of $5,850. The trial court, on December 7, 2001, entered a judgment on the jury verdict.
On January 2, 2002, CertainTeed moved to renew its motion for a JML and sought, in the alternative, a new trial, restating the grounds it had relied upon in its motions for a JML filed at the close of Russell's evidence and that the close of all the evidence; CertainTeed also claimed that the trial court had erroneously allowed the introduction of inadmissible evidence and that the verdict rendered by the jury was contrary to law so as to warrant a new trial. On January 3, 2002, Russell moved for an additur, alleging that insufficient damages were awarded; in the alternative, she sought a new trial based on alleged discrimination in CertainTeed's use of peremptory challenges to potential jurors and *Page 1269 
alleged juror misconduct. The parties consented of record, pursuant to Rule 59.1, Ala. R. Civ.P., to allow the trial court until April 23, 2002, to rule on all pending postjudgment motions. On April 18, 2002, the trial court granted Russell's postjudgment motion to the extent it sought a new trial; it denied all other relief requested by the parties. CertainTeed appealed from the order granting a new trial (see § 12-22-10, Ala. Code 1975), contending, among other things, that the trial court erred in denying its motions for a JML.[3] Russell cross-appealed, challenging the trial court's denial of her request for an additur.
We first consider the correctness of the trial court's denial of CertainTeed's motions for a JML. On review of a ruling on a motion for a JML, an appellate court applies the same standard as the trial court applied in initially deciding the motion. That standard is "materially indistinguishable from the standard by which we review a summary judgment." Hathcock v. Wood,815 So.2d 502, 506 (Ala. 2001). It must first be determined whether there was substantial evidence, when viewed in the light most favorable to the nonmovant, to warrant submitting the issue to the jury for determination. City of Birmingham v. Sutherland,834 So.2d 755 (Ala. 2002). In Fleetwood Enterprises, Inc. v.Hutcheson, 791 So.2d 920 (Ala. 2000), our Supreme Court stated that "`[s]ubstantial evidence is evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.'" 791 So.2d at 923 (quoting West v. Founders LifeAssurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989)).
The trial court denied CertainTeed's motion for a JML filed at the close of Russell's evidence, except as to Russell's claim of negligence. At the conclusion of all the evidence, CertainTeed again moved for a JML. Because CertainTeed elected to offer evidence in its own defense after the trial court had denied its motion for a JML at the close of Russell's evidence, we review the trial court's denial of CertainTeed's motion for a JML based on the record at the close of all the evidence. See "Committee Comments on 1973 Adoption" of Rule 50, Ala. R. Civ. P.; AlabamaPower Co. v. Aldridge, 854 So.2d 554 (Ala. 2002).
The trial court allowed Russell's AEMLD and breach-of-implied-warranty claims to be submitted to the jury. With respect to the submission of the AEMLD claim, it is undisputed from the evidence in the record that Russell initially discovered the damage to her house in January 1996. Russell testified at trial that it was at that time that she realized the serious nature of the problem and summoned professionals to her house to evaluate the problem. While testifying. Russell referred to notes in her own handwriting that she had made regarding the problem with her house. Russell began making those notes in January 1996; however, she did not file this action until September 1998, over two and one-half years later.
Under Alabama law, a noncontract cause of action arises when the first indication of damage becomes apparent to the claimant. Our Supreme Court has stated the rule as follows:
 "`"`If the act of which the injury is the natural sequence is of itself a legal injury to plaintiff, a completed wrong, the cause of action accrued and the statute begins to run from the time the act is *Page 1270 
committed, be the actual damage [then apparent] however slight, and the statute will operate to bar a recovery not only for the present damages but for damages developing subsequently and not actionable at the time of the wrong done; for in such a case the subsequent increase in the damages resulting gives no new cause of action. Nor does plaintiff's ignorance of the tort or injury, at least if there is no fraudulent concealment by defendant, postpone the running of the statute until the tort or injury is discovered.'"'"
McWilliams v. Union Pac. Res. Co., 569 So.2d 702, 703-04 (Ala. 1990) (quoting Garrett v. Raytheon Co., 368 So.2d 516, 519
(Ala. 1979), quoting in turn Home Ins. Co. v. Stuart-McCorkle,Inc., 291 Ala. 601, 608, 285 So.2d 468, 473 (1973), quoting in turn, Kelley v. Shropshire, 199 Ala. 602, 75 So. 291, 292
(1917)).
CertainTeed correctly argues in its brief to this court, as it did in support of its motion for a JML in the trial court, that Russell's AEMLD cause of action accrued when she observed the damage to her new house, even though she did not know what had caused the damage. See, e.g., Alabama Power Co. v. Cummings,466 So.2d 99 (Ala. 1985) (holding that a homeowner's cause of action accrued only when the defects in her house actually manifested themselves, not when the defendant's complained-of acts occurred), and Rumford v. Valley Pest Control, Inc.,629 So.2d 623 (Ala. 1993) (holding that a cause of action against an extermination company accrued when the homeowners discovered termite damage and were deprived of the use and enjoyment of their house, rather than when the house had been inspected for termites three years earlier in connection with the homeowners' purchase of the house).
Russell does not dispute that she discovered the initial signs of damage to her new house in January 1996 and that, at that time, she began to contact various skilled laborer's, such as plumbers, electricians, and HVAC repairmen, to examine the damage and to attempt to determine and eliminate the source of the problem. As we have noted, Alabama law affords two years in which to assert a claim under the AEMLD. Smith v. Medtronic, Inc.,607 So.2d 156 (Ala. 1992); § 6-2-38(l), Ala. Code 1975. The statute of limitations began to run on Russell's claim predicated on the AEMLD in January 1996; Russell sued CertainTeed in September 1998, over six months after the two-year period set forth in § 6-2-38(l) for bringing those claims had expired. Russell's claim based on the AEMLD was time-barred; therefore, we conclude that the trial court erred in submitting Russell's AEMLD claim to the jury.
The remaining claims submitted for jury determination were predicated on theories of breach of an implied warranty of merchantability and breach of an implied warranty of fitness for a particular purpose, warranties addressed in portions of Alabama's Uniform Commercial Code ("UCC"). See §§ 7-2-314 and7-2-318, Ala. Code 1975. Under the UCC as adopted in Alabama, a consumer seeking to recover for only economic injury and property damage has a valid implied-warranty claim against only his or her immediate seller with whom the consumer is in privity. Rhodes v.General Motors Corp., 621 So.2d 945, 947 (Ala. 1993); Ex parteGeneral Motors Corp., 769 So.2d 903 (Ala. 1999). However, CertainTeed manufactured the allegedly defective insulation at issue in this case and then sold the insulation to an intermediate distributor, not to Russell. David Allen, the principal owner of Allen's, testified that he typically purchased *Page 1271 
most of the CertainTeed insulation that he installs in ductwork from a distributor in Sheffield and that he stores the product until he needs it to complete a job. Allen also stated that Russell was completely unaware of the type of insulation he had elected to use in installing her HVAC system.
In its motions for a JML, CertainTeed argued that Russell lacked privity with CertainTeed and supported its argument with applicable caselaw. There is no substantial evidence tending to support the proposition that Russell ever dealt with CertainTeed directly such that any implied warranties could be said to have been extended to Russell by CertainTeed.[4] We conclude that the trial court erred to reversal in its denial of CertainTeed's motions for a JML with respect to Russell's implied-warranty claims.
Having determined that none of Russell's theories of liability were legally viable, we necessarily conclude that the trial court improperly submitted her claims to the jury; therefore, we reverse the judgment and remand the case for the trial court to enter a JML in favor of CertainTeed as to all claims. Because our conclusion as to the trial court's denial of CertainTeed's motions for a JML is dispositive, we pretermit discussion of issues pertaining to the trial court's rulings as to all postjudgment requests for relief by the parties other than CertainTeed's renewed motion for a JML. Russell's cross-appeal is dismissed as moot.
APPEAL — REVERSED AND REMANDED WITH INSTRUCTIONS.
CROSS-APPEAL — DISMISSED.
YATES, P.J., and CRAWLEY, J., concur.
THOMPSON and MURDOCK, JJ., concur in the result.
[1] Russell's husband continued to reside in the couple's house, located about 30 miles from Muscle Shoals. The newly constructed house in Muscle Shoals was located approximately two blocks from the beauty salon that Russell owned and operated.
[2] The air handler is the section of the HVAC system that contains the furnace; the fan; and the "A coil" component, the part of the air-conditioning portion of the HVAC system that contains the coolant. Inside the air handler, air is propelled by the fan through either the furnace or the A coil; the heated or cooled air is then distributed throughout the house through the ductwork.
[3] A party appealing from an order granting a new trial can also assert error in denying dispositive motions filed during the previous trial. See John Crane-Houdaille, Inc. v. Lucas,534 So.2d 1070 (Ala. 1988).
[4] We note that Russell does not claim to have suffered bodily injury as a result of a claimed breach of warranty. Under §7-2-318, Ala. Code 1975, a seller's warranty extends to any natural person who is "injured in person" when it is reasonable to expect that person to use or be affected by goods under warranty.