On Application for Rehearing
The opinion of this court issued on March 31, 2006, is withdrawn, and the following is substituted therefore.
Robert Morin and Carleen Morin sued Choice Builders, Inc. ("CBI"), along with several other companies, in 2001. Among other things, the Morins alleged that CBI had negligently supervised the construction of a retaining wall behind their house. CBI, as a third-party plaintiff, sued Complete Landscape Service, Inc., and Alex Lawley (collectively "CLS"), alleging that CLS was obligated to indemnify CBI to the extent CBI might be held liable to the Morins for any damages. CLS moved for a summary judgment as to CBI's claims. The trial court granted that motion and, finding no just reason for delay, made that order final pursuant to Rule 54(b), Ala. R. Civ. P. CBI timely appealed, whereupon this appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala. Code 1975.
Although the underlying circumstances of this case are somewhat complicated, the facts as they relate to CBI's claims against CLS, and CLS's defenses to those claims, are simple. The Morins' suit against CBI initially alleged only that when CBI built the Morins' house the installation of an exterior insulation and finishing system was improperly performed. Later, in January 2003, the Morins amended their complaint to allege that CBI had negligently supervised the construction of a retaining wall behind the Morins' house. Only the portion of the Morins' action relating to the retaining wall is relevant to this appeal. *Page 439 
The record indicates that before constructing the Morins' house in 1993 CBI built a wooden cross-tie retaining wall at the rear of the Morins' lot. Robert Morin testified in his deposition that in 2000 he noticed that the retaining wall was bulging outward. At that time Mr. Morin contacted Terry Phillips, a representative of CBI, who visited the site and looked at the wall. Phillips allegedly stated that the wall should have been a concrete wall. Following that discussion, the Morins began construction of a new concrete wall approximately 15 feet away from the wooden cross-tie wall. The old wall was left standing during the construction of the new wall. Mr. Morin testified that on Labor Day of either 2001 or 2002, before the completion of the new wall, the wooden cross-tie wall collapsed. As a result, Mr. Morin claimed, portions of his house jutted out over empty space, and he feared his house would fall down the hill the wall had previously held in place.
Consequently, the Morins amended their complaint against CBI in January 2003 to allege that CBI's negligence during the installation of the wooden cross-tie wall had led to its collapse. In February 2003, CBI, as a third-party plaintiff, sued CLS, the subcontractor it had used during the construction of the wooden wall. CBI alleged that it was CLS's faulty construction of the wooden cross-tie retaining wall that had led to the collapse of the wall. In short, CBI asserted that if it were found liable to the Morins, then CLS would be liable to CBI for those damages. More specifically, CBI argued that, based upon CLS's negligence, breach of contract, and breach of warranty, CLS is obligated to indemnify CBI for any damages it may owe the Morins.
CLS moved for a summary judgment, arguing that because the Morins and CBI were aware of the wall bulging outward in 2000, the two-year statute of limitations imposed by § 6-2-38(0, Ala. Code 1975, expired before the Morins amended their complaint or CBI brought its claims against CLS.[1] Additionally, on appeal CLS elaborates upon several arguments it loosely made at the trial-court level in support of its motion for a summary judgment, including that CBI did not dispute any of the facts CLS alleged in its motion for a summary judgment; that the doctrine of spoliation of evidence mandates summary judgment because the wooden wall has been completely destroyed by the Morins; that other explanations for the collapse of the wooden wall exist besides CLS's negligence or the breach of any contract or warranty; that there was no indemnity agreement between CLS and CBI; and that there was no contract or warranty between CLS and CBI.
 "`The standard of review applicable to a summary judgment is the same as the standard for granting the motion. . . .' McClendon v. Mountain Top Indoor Flea Market, Inc., 601 So.2d 957, 958 (Ala. 1992).
 "`A summary judgment is proper when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c)(3), Ala. R. Civ. P. The burden is on the moving party to *Page 440 
make a prima facie showing that there is no genuine issue of material fact and that it is entitled to a judgment as a matter of law. In determining whether the movant has carried that burden, the court is to view the evidence in a light most favorable to the nonmoving party and to draw all reasonable inferences in favor of that party. To defeat a properly supported summary judgment motion, the nonmoving party must present "substantial evidence" creating a genuine issue of material fact — "evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved." Ala. Code 1975, § 12-21-12; West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871
(Ala. 1989).'
 "Capital Alliance Ins. Co. v. Thorough-Clean, Inc., 639 So.2d 1349, 1350 (Ala. 1994)."
Singleton v. State Farm Fire Cas. Co.,928 So.2d 280, 283 (Ala. 2005) (opinion on application for rehearing).
In its brief to this court, CBI argues that its action against CLS is timely based on our supreme court's holding in Exparte Stonebrook Development, L.L.C., 854 So.2d 584
(Ala. 2003), which addressed the issue of when the statute of limitations begins to run on an indemnity claim.
The facts in Stonebrook are substantially similar to the facts of this case. In Stonebrook, the plaintiff was a corporation formed for the purpose of establishing a residential neighborhood. Stonebrook, 854 So.2d at 86. The defendant in Stonebrook used plans prepared by the third-party defendant to make a bid on the plaintiff's project.Id. After the defendant was sued because of its late performance on the project, the defendant sued the third-party defendant in an indemnity action alleging negligence.Id. As in Stonebrook, the statute-of-limitations issue before us concerns an indemnity action alleging negligence on the part of a third-party defendant. The Morins sued CBI because the wooden cross-tie wall that CBI had contracted to build collapsed. CBI in turn sued CLS because CLS was the subcontractor that CBI had relied upon to perform the construction of that wall.
In Stonebrook, the supreme court, quoting this court, observed that "`[f]laring the possibility of paying monetary damages to another party, and actually paying such damages, are not the same.'" 854 So.2d at 589. InStonebrook, our supreme court held that the accrual of a negligence cause of action that a third-party plaintiff has against a third-party defendant does not begin until it is determined the third-party plaintiff is liable for damages.854 So.2d at 591; see also American Commercial Barge Line Co.v. Roush, 793 So.2d 726, 729-30 (Ala. 2000).[2]
Although the court in Stonebrook was interpreting § 6-5-221, Ala. Code 1975, it specifically noted that the operative principles behind that statute of limitations were the same as those under § 6-2-38, Ala. Code 1975, which contains the statute of limitations at issue in this case. Ex parteStonebrook, 854 So.2d at 590.
Although CLS argues that the statute of limitations began to run when the Morins and the representative of CBI observed *Page 441 
the bulging wall in 2000, that is only true in regard to the claims the Morins may have against CBI or CLS, not in regard to the indemnity claim that CBI has against CLS. Although it is true that the Morins might have suffered actual injury or loss at that point because they then, allegedly, were compelled to build the concrete wall to replace the wooden cross-tie wall, CBI had not yet suffered any injury or loss. CBI only faced the possibility of paying monetary damages to the Morins when the Morins observed the bulging wall. CBI's indemnity action based on negligence against CLS would not accrue until the trial court adjudicated its liability to the Morins.
The cases CLS cited in its brief to this court for the proposition that CBI's third-party indemnity claim against CLS is untimely, Chandiwala v. Pate Construction Co.,889 So.2d 540 (Ala. 2004), and Certain-Teed Corp. v.Russell, 883 So.2d 1266 (Ala.Civ.App. 2003), are not relevant to this case because they do not pertain to when a claim for indemnity accrues. Rather, those cases concern when a plaintiff's cause of action for damage to his or her home accrues. Although such cases would perhaps be relevant in a defense against the Morins' action, see Rule 14(a), Ala. R. Civ. P., they are not relevant in maintaining a defense solely against CBI's indemnity claim. Consequently, CBI's action against CLS is timely.[3]
CLS also argues that CBI, in its response to CLS's motion for a summary judgment, did not contest any of the facts asserted by CLS. We note that those factual averments were more properly applicable to the Morins' claims, not CBI's indemnity claim. Were we to hold that a third-party plaintiff must dispute the same facts against a third-party defendant that it must assert against the plaintiff in making its defense, we would force a nonsensical requirement upon third-party plaintiffs.
CLS also makes a spoliation argument in favor of affirming the trial court's summary judgment; however, that argument is inapplicable to this case. CLS asserts that because the wooden cross-tie wall has been removed by the Morins the doctrine of spoliation of evidence warrants summary judgment in its favor. Spoliation is "`an attempt by a party to suppress or destroy material evidence favorable to the party's adversary.'"Vesta Fire Ins. Corp. v. Milam Co. Constr., Inc.,901 So.2d 84, 93 (Ala. 2004) (quoting Wal-Mart Stores, Inc.v. Goodman, 789 So.2d 166, 176 (Ala. 2000)). And, "where the plaintiff is guilty of spoliation, the sanction of dismissal of the claim may be warranted." Id. In this case, CBI has not been alleged to have attempted to suppress or destroy material evidence favorable to CLS. No facts have been alleged to indicate that CBI destroyed the old wall.
The other arguments that CLS raises in its appellee's brief or in its brief in support of its application for rehearing were not argued at the trial-court level as a reason for entering a summary judgment against CBI; thus we will not now consider those arguments on appeal. Liberty Nat'l Life Ins. Co. v.University of Alabama Health Servs. Found., P.C.,881 So.2d 1013, 1020 (Ala. 2003) (stating that the general rule that permits an appellate court to affirm a trial court on any ground, *Page 442 
even one not argued to the trial court, fails in application where due-process constraints require some notice at the trial level, which was omitted, of the basis that would otherwise support an affirmance, such as when a summary-judgment movant fails to assert to the trial court a particular argument, thus not triggering the responding party's burden to produce substantial evidence on that issue or to argue that issue).
Because CBI sued CLS, at most, two months after CBI was sued by the Morins, its third-party action against CLS seeking indemnification was timely. Furthermore, because the other arguments that CLS made to this court or to the trial court are inapplicable to this case, we reverse the trial court's summary judgment and remand this case for further proceedings.
APPLICATION OVERRULED; OPINION OF MARCH 31, 2006, WITHDRAWN; OPINION SUBSTITUTED; REVERSED AND REMANDED.
THOMPSON, PITTMAN, MURDOCK, and BRYAN, JJ., concur.
[1] Although CBI's claims against CLS are based both in contract and in negligence, both parties on appeal discuss the statute-of-limitations issue as if only the shorter two-year limitations period applicable to negligence actions is applicable. Also, although CBI seeks indemnity from CLS, the substantive legal theories upon which the indemnity is sought are (1) negligence, (2) breach of contract (i.e., breach of an oral contract between CBI and CLS, whereby CLS was required to construct the wall in a proper manner), and (3) breach of warranty.
[2] "`[O]ur courts have long recognized that non-contract causes of action accrue only when the plaintiff actually suffers injury or loss.'" Ex parte Stonebrook Dev., L.L.C.,854 So.2d at 589 (quoting Matthews Bros. Constr. Co. v.Stonebrook Dev., L.L.C., 854 So.2d 573, 578
(Ala.Civ.App. 2001)).
[3] See also Rule 14, Ala. R. Civ. P., which was "`adopted to prevent third-party claims, which are contingent on the outcome of original actions against third-party plaintiffs, from being dismissed as premature when brought in the same proceeding as the original action.'" Ex parte StonebrookDev., L.L.C., 854 So.2d at 590-91 (quoting MatthewsBros. Constr. Co., 854 So.2d at 579 n. 3.).