**Susan E. BAKER, Charles Edward Baker and Roy E. Baker, Plaintiffs,**

**v.**

**Michael Joseph MOORS and Barbara Bassett, Defendants.**

**Philip HUDDLESTON, Ancillary Administrator of the Estate of Gertrude Helmsing, Deceased, Plaintiff,**

**v.**

**Michael Joseph MOORS, Mrs. S. P. Borden and Barbara Bassett, Defendants.**

**Stephanie HAYS, Plaintiff,**

**v.**

**Michael Joseph MOORS, Mrs. S. P. Borden and Barbara Bassett, Defendants.**

**Nos. 1362, 1389 and 1416.**

United States District Court, W. D. Kentucky, Bowling Green Division.

Feb. 10, 1971.

G. D. Milliken, Jr., Bowling Green, Ky., for Bakers.

Kincaid, Wilson, Schaeffer, Trimble & Hembree, Lexington, Ky., and Paul R. Huddleston, Bowling Green, Ky., for Huddleston.

Morris E. Burton, Frankfort, Ky., for Hays.

Reginald Ayers, Bowling Green, Ky., for Moors.

Charles E. English, Bowling Green, Ky., for Borden and Bassett.

## MEMORANDUM

SWINFORD, District Judge.

This case is before the court on a motion by defendant Michael Joseph Moors for leave to file a third party complaint against The Employers' Liability Assurance Corporation, Limited. The plaintiffs have instituted three actions against Michael Moors and other defendants to recover damages for injuries resulting from an automobile accident. The actions were consolidated for purposes of trial by order of this court on May 25, 1970.

The facts briefly stated are these. Michael Moors was driving the automobile in which two of the plaintiffs were passengers when the accident occurred. The automobile driven by Moors was owned by Mrs. S. P. Borden who had purchased it for the use and benefit of her daughter, Barbara Bassett, a student at the University of Kentucky. Barbara Bassett, a Mississippi resident and citizen, had arranged to have Michael Moors, Stephanie Hays and Gertrude Helmsing, other students at the University of Kentucky, return with her to the University following the 1969 spring recess. They had agreed to share driving responsibilities and traveling expenses on the return trip. Although Moors was driving at the time of the accident, the car was at all times in the possession and control of Barbara Bassett. It is alleged that the traveling arrangements, including the agreement to share driving responsibilities were made with the full knowledge and approval of Mrs. S. P.

Borden. Moors contends if he is found liable that Mrs. S. P. Borden's insurer of the vehicle will be secondarily liable. Mrs. Borden's insurer, The Employers' Liability Assurance Corporation, Limited (hereinafter referred to as ELA), has denied that Moors is covered by the policy. The policy contains an "omnibus clause" which states that any person using the automobile with permission of the insured is protected. ELA has noted, however, that the policy also includes a Student Restrictive Endorsement, dated September 25, 1968, and signed by Mrs. S. P. Borden, which it is argued supersedes the "omnibus clause" and excludes Michael Moors from coverage. Moors has moved for leave to file a third party complaint so that this court may declare his rights under the policy.

The court must decide whether ELA is a proper third party defendant within the purview of Rule 14 of the Federal Rules of Civil Procedure. Rule 14 states in pertinent part:

"(a) When Defendant May Bring in Third Party. At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. * * * "

■ A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff. If coverage under the policy were not in dispute, ELA could clearly be properly joined as a third party defendant by Moors. ELA opposes the third party complaint stating that the controversy between Moors and itself is entirely extraneous and separate from the original controversy; that there is no contractual relationship between Moors and itself as Moors is not the named insured; and that to allow the complaint would only serve to confuse and compli-

cate the issues to be before the jury by adding facts unrelated to the principal charges.

■ The mere fact that the ancillary controversy between Moors and ELA involves a matter of contract, while the primary controversy between plaintiffs and original defendants involves a matter of tort is not an adequate reason to disallow impleader. Taggert v. United States, 262 F.Supp. 572 (D.C.1967). It is generally agreed, and conceded by ELA, that where an insurer refuses to undertake the defense of its insured, the insured may implead the insurer in the tort action and have the issue of policy coverage decided in the same case as the issue of tort liability. The only difference between the circumstances of this case and the perhaps more normal or frequent case is that Moors is not the named insured, but that is not to say that Moors is expressly excluded from coverage under the policy.

ELA relies heavily upon the case of Tullgren v. Jasper, 27 F.Supp. 413 (D.C. 1939). Tullgren is a case of striking similarity but the court is of the opinion that it is not controlling. In Tullgren a defendant attempted to implead the insurer of his co-defendant. The court denied the motion to implead because of jurisdictional considerations, but observed that the insurer of one of the defendants in an automobile collision case could not be made a third party defendant at the instance of another of the defendants with whom it had no relationship whatsoever. The defendant in Tullgren who sought to implead the insurance company had absolutely no link with it. The circumstances of this case are such that there is at least some nexus between Moors and ELA. Moors was, at the time of the accident, driving the automobile insured by ELA with the alleged approval of the policy holder. Moreover, the policy states, although it remains to be seen whether the clause is applicable to Moors, that coverage ex-

tends to those persons operating the automobile with permission of the insured.

It is the judgment of this court that ELA may be joined in this action pursuant to Rule 14 of the Federal Rules of Civil Procedure. Normally there is a prohibition against revealing the existence of insurance to the jury. The virtue of the prohibition is open to serious doubt as most people carry liability insurance and most jurors know it. The rule against revealing the existence of insurance in automobile accident cases is for the protection of defendants, and therefore may be waived by them. Mrs. S. P. Borden may have some objection to the presence of ELA as a named party defendant, but the harm which may be caused to her is slight and outweighed by Moors' right to have his interest in the policy declared. The purpose of Rule 14, which is to be liberally construed, is to dispose of an entire subject matter in one economic and expeditious action. If it becomes apparent that the ancillary controversy in this action will inordinately complicate and prejudice the original claims, separate trials may be ordered under Rule 42(b) of the Federal Rules of Procedure.

ELA has brought it to the court's attention that Michael Moors has filed in the United States District Court for the Southern District of Mississippi, an action against ELA asking for relief identical to that which is requested in his third party complaint. This court cannot refuse to accept jurisdiction in the third party complaint simply because an identical or similar action has been filed in a different forum. The third party complaint will be allowed to proceed to judgment unless a judgment is first reached in the District Court for the Southern District of Mississippi which can be used as res judicata in this action. An order in conformity with this memorandum is this day entered.