582 F.2d 1354
 Delpha Lee PROPPS
v.
WEIHE, BLACK & JEFFRIES, Edwin A. Weihe, and Alexander H.
Jeffries, Appellants and Cross-Appellees,
v.
FOURTH SKYLINE CORP., Appellee and Cross-Appellant,
Charles E. Smith Skyline Development Co., and Charles E.
Smith Building Co., Appellees.
 Nos. 77-2104, 77-2105.
 United States Court of Appeals,
Fourth Circuit.
 Argued June 3, 1978.
Decided Oct. 4, 1978.
 
 1
 Ellen Patterson, Arlington, Va. (James C. Gregg, John F. Myers, Macleay, Lynch, Bernard & Gregg, Washington, D. C., on brief), for appellants in No. 77-2104 and for appellees in No. 77-2105.
 
 
 2
 Milton Eisenberg, Washington, D. C., (Fried, Frank, Harris, Shriver & Kampelman, Charles J. Pilzer, Washington, D. C., Haynie S. Trotter, Boothe, Prichard & Dudley, Fairfax, Va., on brief), for appellees in No. 77-2104 and for appellants in No. 77-2105.
 
 
 3
 Before WINTER and WIDENER, Circuit Judges, and THOMSEN,* Senior District Judge.
 
 
 4
 THOMSEN, Senior District Judge.
 
 
 5
 The issues presented on this appeal and cross-appeal are: (1) whether the district court abused its discretion when it dismissed a third-party complaint without prejudice to the right of the defendants-third party plaintiffs to assert in an appropriate state court the claim alleged therein; and (2) whether, as urged by one of the third-party defendants, the district court should have dismissed the third-party claim with prejudice.
 
 
 6
 The original plaintiff (Propps) was one of many persons injured or killed when the Skyline Plaza building at Bailey's Crossroads in the Eastern District of Virginia collapsed in March 1973. Propps, an employee of Miller & Long Company of Virginia, Inc., filed his complaint in the district court in March 1975 against Weihe, Black & Jeffries, an architectural firm, alleging various negligent acts or omissions, and against Weihe and Jeffries, two of the partners of that firm, who are citizens of the District of Columbia; Black, the third partner, was not sued because there was no diversity of citizenship between him and the plaintiff.[1] The partnership and Weihe and Jeffries, individually, filed herein a third-party complaint seeking contract indemnification, specific performance, a declaratory judgment, and other relief against Fourth Skyline Corporation, Charles E. Smith Skyline Development Co., and Charles E. Smith Building Company. Motions to dismiss or, in the alternative, for summary judgment were filed by the third-party defendants in May 1976. Some 75 suits in all had been filed against various defendants as a result of the accident, some in the court below and some in a state court in Virginia. Before the motions filed by the third-party defendants had come on for hearing, the claim of Propps against the original defendants herein and all claims of the plaintiffs in the other suits in the federal and state courts were settled. A hearing on the motions to dismiss, which had been filed by the third-party defendants herein, was held in May 1977; the district judge, for the reasons set out in a short oral opinion rendered at the conclusion of the argument,[2] entered an order on June 2, 1977, dismissing the third-party complaint as to all defendants, without prejudice.
 
 
 7
 The architects appealed from the dismissal of their third-party complaint. Fourth Skyline Corporation cross-appealed, contending that the third-party complaint should have been dismissed with prejudice. The other third-party defendants did not appeal. We were advised at the argument on these appeals that an action brought by the architects against the third-party defendants herein is pending in a court in the District of Columbia.
 
 
 8
 We conclude that the district judge did not abuse his discretion in dismissing the third-party complaint without prejudice. Abuse of discretion is the test which should be applied in such a case as this. Duke v. Reconstruction Finance Corporation, 209 F.2d 204, 208 (4 Cir. 1954), Cert. denied, 347 U.S. 966, 74 S.Ct. 777, 98 L.Ed. 1108; Wright and Miller, Federal Practice and Procedure, Civil § 1444, Vol. 6, at pp. 234-37. The claims by the original plaintiff herein were settled prior to trial. The legal and factual disputes arising out of the third-party complaint filed by the defendant architects and the response thereto of the third-party defendants had not been heard by the court below. There would be no substantial saving of judicial time if the merits of these disputes were heard by that court rather than by the court in the District of Columbia where the suit filed by the architects is now pending; nor has it been shown that there would be any saving of time of the appellants herein or their counsel. The other third-party defendants herein (Charles E. Smith Skyline Development Company and Charles E. Smith Building Company) have not appealed.
 
 
 9
 The district court did not err in dismissing the third-party complaint without prejudice as to all defendants.
 
 
 10
 AFFIRMED.
 
 
 
 *
 Of the United States District Court for the District of Maryland, sitting by designation
 
 
 [1]
 Heinzman, Clifton & Kendro, a structural engineering firm, and Milton Kendro, one of its partners, were also named as defendants in the complaint filed by Propps; they are not involved in the present controversy
 
 
 [2]
 THE COURT: The question of whether the Court still has or has ancillary jurisdiction in the matter is arguable, but it seems to me the reason for allowing the third-party defendants to be brought in was to expedite the matter so that all of the issues in the case could be resolved with one trial
 That expediency is no longer present in the case. The plaintiffs the original plaintiffs have all settled, one after a trial, and the original complaints have now been dismissed.
 Assuming, without deciding at this point that the Court still has jurisdiction, it seems to me that there is nothing to be gained by retaining jurisdiction in the case where there is no independent ground for jurisdiction.
 There will have to be another trial. There is no reason that trial can't be as well handled in the State Court as here. There is no binding effect on these defendants of the facts found or presumed to be found by the jury in the previous case. Any discovery that has been conducted in this case already will be available to parties to the extent that it is useful in the State Court. And I think that the better exercise of discretion would be for the Federal Court to decline to hear what is now essentially a State claim for indemnity based on a contract.
 The right to that indemnity may turn to some degree on the primary or not responsibility of the architects for the collapse of the building, but it's basically a State contract claim, and this Court has not delved into that sufficiently far to warrant continuing jurisdiction.
 The third-party complaint in this case will be dismissed without prejudice to the defendants' right to reassert it in an appropriate State Court.