*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0025p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

AMERICAN ZURICH INSURANCE COMPANY,

                *Plaintiff*,

    *v.*

COOPER TIRE & RUBBER COMPANY,

          *Defendant-Appellant*,

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,

          *Defendant*,

MARSH USA, INC.,

    *Third Party-Defendant-Appellee.*

No. 07-3097

_____

Appeal from the United States District Court
for the Northern District of Ohio at Toledo.
No. 04-07263—Jack Zouhary, District Judge.

Argued: October 26, 2007

Decided and Filed: January 15, 2008

Before: MERRITT, ROGERS, and McKEAGUE, Circuit Judges.

_____

**COUNSEL**

**ARGUED:** Joseph P. Thacker, COOPER & WALINSKI, Toledo, Ohio, for Appellant. James D. Wilson, WILSON YOUNG, Detroit, Michigan, for Appellee. **ON BRIEF:** Joseph P. Thacker, COOPER & WALINSKI, Toledo, Ohio, for Appellant. James D. Wilson, WILSON YOUNG, Detroit, Michigan, for Appellee.

_____

**OPINION**

_____

    MERRITT, Circuit Judge. The issue on appeal in this diversity case is whether the district court erred in dismissing the third-party complaint filed by an original defendant, Cooper Tire & Rubber Company, against its insurance broker, Marsh USA and Marsh Placements Inc. (collectively referred to as "Marsh"), after Cooper Tire voluntarily entered into a settlement with the parties to the original complaint. The district court granted summary judgment for third-party defendants

Marsh, finding lack of an actual case or controversy between Marsh and Cooper Tire.  Because we find that the district court did not abuse its discretion in dismissing the third-party complaint in light of the dismissal of the underlying action from which Cooper Tire's third-party complaint derived, we affirm the judgment of the district court.  The third-party complaint was filed under the district court's "supplemental jurisdiction" and can go forward as an independent, nonindemnity action after settlement of the original action only within the discretion of the court, as we will explain below.

## I.

Marsh has been the insurance broker for Cooper Tire since the 1950s.  Like most tire manufacturers, Cooper Tire maintains layered insurance coverage to defend and protect it from product liability claims.  The first layer of insurance was a commercial umbrella policy issued by National Union.  The next layer of insurance was a commercial excess liability policy issued by American Zurich.  The coverage provided by American Zurich's policy with Cooper Tire is specifically in excess of the National Union policy.  A third layer policy, not at issue here, provided coverage in excess of the National Union and American Zurich policies.  Due to a sharp increase in the number of suits against Cooper Tire in the late 1990s, National Union notified American Zurich in November 2002 that the National Union policy limits, as well as Cooper Tire's self-insurance, were near exhaustion for the period April 1998 to April 1999.

A dispute arose because National Union had applied approximately $11 million of legal defense costs toward depletion of the aggregate policy limit but American Zurich claimed that the National Union policy required National Union to pay defense costs *in addition to* the stated limits of the policy.  Under this interpretation of the National Union policy, American Zurich maintained that National Union had not yet met its policy aggregate, thereby relieving  American Zurich from an obligation to begin paying out under its excess liability policy.  In May 2004, American Zurich filed a declaratory judgment action against National Union and Cooper Tire seeking a declaration that (1) National Union's legal defense costs did not deplete the aggregate policy limit of the National Union policy, but would have to be paid over and above the policy limits; (2) the American Zurich policy would not be triggered until the National Union policy limits are exhausted by the payments of settlements and claims *only*, excluding any defense costs in the policy aggregate; (3) any defense costs paid by American Zurich *would* deplete the per-occurrence and aggregate limits of the American Zurich policy; (4) it could recover any amounts already paid out under its excess liability policy and (5) it was entitled to an accounting of all amounts paid by National Union on Cooper Tire's behalf.  (J.A. at 18 (American Zurich's complaint); J.A. at 12 (American Zurich's Amended Complaint)).

In response, Cooper Tire, as defendant, in addition to a counterclaim against American Zurich and a cross-claim against National Union,  filed a third-party complaint on October 28, 2004 (J.A. at 105) (amended on February 15, 2005) (J.A. at 116), against its insurance broker, Marsh, alleging that Marsh executed an unauthorized retroactive modification of the American Zurich policy in April 2002 known as "Endorsement 17."[1]  Specifically, Cooper Tire claims that the

---

[1]Endorsement 17 to the American Zurich policy is entitled "Defense within Limit Endorsement."  It states that:

In consideration of the premium charged, it is hereby understood and agreed that with the effect for 04/01/98, Section VI, "Ultimate net loss" of the policy is deleted in its entirety and replaced with the following:

"Ultimate net loss" means the total of all sums including costs which the insured or any organization as it insurer, or both, shall become legally obligated to pay, whether by adjudication or settlement, because of an occurrence covered under the terms of the governing underlying insurance policy and to which this policy applies; but "ultimate net loss" shall not include the amount of any recoveries,

American Zurich excess liability policy expressly provided that American Zurich would pay defense costs *in addition* to the per-occurrence and aggregate policy limits but that Marsh had, through executing Endorsement 17, authorized a change to the policy converting it to a "defense within limits" policy without the knowledge of or notice to Cooper Tire. Cooper Tire claims it did not, and continues not to, approve of the change to the policy effected by Endorsement 17.

Cooper Tire's third-party complaint against Marsh was brought pursuant to the district court's Supplemental Jurisdiction under 28 U.S.C. § 1367(a).[2] It stated three causes of action against Marsh in its First Amended Third-Party Complaint (J.A. at 116): (1) negligence; (2) breach of contract and (3) breach of fiduciary duty. According to the third-party complaint, liability on the part of Marsh under each cause of action was predicated on a finding in the underlying action that Endorsement 17 was valid. Count I - Negligence reads:

> *If* the Court finds Endorsement No. 17 to be valid and binding on Cooper Tire, Marsh breached its duty . . . *In that event*, Cooper Tire will be forced, as a direct and proximate result of Marsh's failure to act in Cooper Tire's best interest and to procure an insurance program approved by Cooper Tire, to pay for the defense of underlying products liability claims from its own assets and fill in gaps in coverage between the layers of excess insurance coverage.

First Amended Third-Party Complaint at 6, J.A. at 121 (emphasis added). Count II – Breach of Contract reads in a similar manner:

> *If* the Court finds Endorsement No. 17 to be valid and binding on Cooper Tire, *then* Marsh breached its contractual duties . . . Cooper Tire will be forced, as a direct and proximate result of Marsh's breach of contractual duties, to pay for the defense of underlying products liability claims from its own assets and fill in gaps in coverage between the layers of excess insurance coverage

First Amended Third-Party Complaint at 7 ( J.A. at 122) (emphasis added). And Count III - Breach of Fiduciary Duty also reads similarly:

> *If* the Court finds Endorsement No. 17 to be valid and binding on Cooper Tire, Marsh breached its duty to act in Cooper Tire's best interests . . . As a direct and proximate

---

salvages or other insurance (other than underlying insurance or insurance written specifically to apply to this policy), whether collectible or not.

J.A. at 421. The Endorsement is signed by an "Authorized Representative" and dated April 12, 2002, although the effective date on the Endorsement is April 1, 1998.

[2] 28 U.S.C. § 1367(a) provides as follows:

(a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

The district court stated in its opinion that it had diversity jurisdiction pursuant to 28 U.S.C. § 1332. However, because both Cooper Tire and Marsh USA are incorporated in Delaware, the complete diversity required by § 1332 is lacking, and the district court had jurisdiction, if at all, under 28 U.S.C. § 1367.

result of Marsh's failure to act in Cooper Tire's best interest and to procure an insurance program approved by Cooper Tire, Cooper Tire will be forced to fill in *potential* gaps in coverage between the layers of excess insurance coverage and pay for the defense of underlying products liability claims from its own assets.

First Amended Third-Party Complaint at 7-8 (J.A. at 122-23) (emphasis added).

Cooper Tire requested a judgment declaring (1) that Marsh is responsible to pay all costs that Cooper Tire incurs as a result of the district court's ruling in the underlying declaratory judgment action brought by American Zurich Insurance against National Union Insurance and Cooper Tire; (2) that Cooper Tire be awarded all legal fees and costs incurred by Cooper Tire in defending against American Zurich's action and in bringing the Third-Party Complaint against Marsh and (3) that Cooper Tire be awarded any other relief that the court deems just and reasonable. (J.A. at 123). The request for relief was also predicated on the court's finding that Endorsement 17 was valid. It specifically requests that the Court enter an Order "Declaring that Marsh is responsible to pay all costs that Cooper Tire *incurs as a result of the Court's ruling* [in the underlying action concerning the validity of Endorsement 17] . . . ." First Amended Third-Party Complaint at 8 (J.A. at 123) (emphasis added).

After Cooper Tire filed its third-party complaint, the parties to the original complaint, American Zurich, National Union and Cooper Tire, reached a settlement. Thereafter, a Stipulated Order of Dismissal was entered in the underlying action (J.A. at 266). The settlement agreement, which did not include Marsh, provided for dismissal of all claims with prejudice except for American Zurich's claims seeking a declaration that defense costs erode the limits of its policy with Cooper Tire – the substance of Endorsement 17 – which was dismissed without prejudice. Essentially, under the terms of the settlement agreement, the parties agreed to disagree for now on the validity of Endorsement 17; no resolution of that issue was reached among the parties. In addition, the Order of Dismissal specifically noted that it did not affect Cooper Tire's third-party complaint against Marsh.

The action between Cooper Tire and Marsh continued, and the district court, without ruling on the merits of Cooper Tire's claims, granted summary judgment to Marsh on the ground that no case or controversy or justiciable issue existed because Cooper Tire had premised any liability on the part of Marsh on a ruling in the underlying case concerning the validity of Endorsement 17. (J.A. at 453) The district court found Cooper Tire's complaint essentially moot because the district court in the underlying action neither ruled on any issues due to the parties' stipulated dismissal, nor did the parties come to an agreement on Endorsement 17's validity in the settlement agreement. Without a ruling that Cooper Tire was liable to American Zurich in the underlying complaint, the basis for the third-party complaint ceased to exist.

On appeal, Cooper Tire now claims that a ruling on Endorsement 17 is not necessary to adjudicate its third-party complaint against Marsh because Marsh is liable to it for the mere existence of Endorsement 17, *regardless* of its validity. Cooper Tire seeks to declare Endorsement 17 void based on the lack of authority by its agent, Marsh, to modify the insurance contract between Cooper Tire and American Zurich through the execution of Endorsement 17. Cooper Tire claims that Marsh violated both contractual terms and long-standing practices between Marsh and Cooper Tire by authorizing the endorsement without notifying Cooper Tire and argues that it never would have been a defendant in the underlying suit between American Zurich and National Union if Marsh had fulfilled its contractual and fiduciary duties to Cooper Tire. Cooper Tire claims it has suffered legal costs in defending the underlying suit and has lost its "peace of mind" regarding its insurance coverage as it may still be liable for covering gaps in its coverage due to the dispute between American Zurich and National Union about when American Zurich's coverage will be exhausted.

Despite these claims of injury, Cooper Tire did not request to amend its third-party complaint against Marsh to reflect that Marsh's alleged liability no longer rested on a ruling concerning the validity of Endorsement 17.

## II.

The district court based its ruling primarily on a finding of no actual case or controversy remaining between Cooper Tire and Marsh after settlement of the underlying action. While we agree with the district court's outcome in the case below, we base our holding on the alternative ground that it was well within the district court's discretion, given its supplemental jurisdiction over the third-party complaint, to dismiss Cooper Tire's third-party complaint after settlement of the original action from which Cooper Tire's claims derived. However, because we rely on this alternative jurisdictional ground, such dismissal will be without prejudice.

Federal Rule of Civil Procedure 14, which governs third-party practice, allows a third party complaint to be served upon "a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." Fed. R. Civ. P. 14(a).[3] The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit. *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D. Va. 2003); *see also Nova Prods., Inc. v. Kisma Video, Inc.,* 220 F.R.D. 238, 240 (S.D.N.Y. 2004) ("The underlying principle behind impleader is to promote judicial efficiency by permitting the adjudication of several claims in a single action, and thus to eliminate circuitous, duplicative actions.") (citations and internal quotations omitted).

Third-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely arises out of the same set of facts does not allow a third-party defendant to be impleaded. A defendant attempting to transfer the liability asserted against him by the original plaintiff to the third-party defendant is therefore the essential criterion of a third-party claim. Correlatively, a defendant's claim against a third-party defendant cannot simply be an independent or related claim, but must be based upon the original plaintiff's claim against the defendant. *See Stiber v. United States*, 60 F.R.D. 668, 670 (E.D. Pa.1973) ("Under Rule 14, the liability of the third-party must be dependent on the outcome of the main claim."). Rule 14(a) does not allow a third-party complaint to be founded on a defendant's independent cause of action against a third-party defendant, even though arising out of the same occurrence underlying plaintiff's claim, because a third-party complaint must be founded on a third party's actual or potential liability to the defendant for all or part of the plaintiff's claim against the defendant. *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987).

Underlying Rule 14 is a desire "to promote economy by avoiding the situation where a defendant has been adjudicated liable and then must bring a totally new action against a third party who may be liable to him for all or part of the original plaintiff's claim against him." 6 Wright, Miller, Kane, Fed. Prac. & Proc.: Civ.2d § 1441 at 289-90 (2d ed.1990)). The third-party complaint is in the nature of an indemnity or contribution claim. Accordingly, it is rare that a court renders judgment in favor of the defendant or dismisses the underlying action but nonetheless chooses to address a third-party claim. Ultimately, a court has the discretion to dismiss a third-party claim after

---

[3]Effective December 1, 2007, the language of Rule 14 (and other Federal Rules of Civil Procedure) has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. The changes are intended to be stylistic only. Advisory Committee Notes to 2007 Amendment. For purposes of this opinion, the language of former Rule 14, as it existed at the time of the proceeding below, will be used.

the original claims of the plaintiff have been settled, and relegate the third-party plaintiff to a separate suit. *Propps v. Weihe, Black & Jeffries*, 582 F.2d 1354, 1355 (4th Cir.1978). *See also* 6 Wright, Miller, Kane, Fed. Prac. & Proc.: Civ. 2d § 1444 at 340-44 (2d ed. 1990).

Cooper Tire contends that its claims against Marsh arise because Marsh allowed Endorsement 17 to be executed and it failed to keep Cooper Tire informed of the existence of Endorsement 17. Cooper Tire claims that these claims should now proceed *regardless* of the validity of Endorsement 17. In fact, Cooper Tire's counsel agreed at oral argument that the claims are no longer derivative of the underlying action, but instead stand on their own. In other words, Cooper Tire contends that its claims against Marsh would exist even if the underlying action had been litigated and Endorsement 17 was found to be not valid or if the declaratory judgment by American Zurich had never been filed. Cooper Tire now claims that its third-party suit is not dependent upon the validity of Endorsement 17 and asserts claims separate and independent of the underlying action, which should proceed even in light of the settlement and dismissal of the original action that spawned Cooper Tire's third-party complaint against Marsh.

Cooper Tire's complaint, as filed, seeks only to declare Marsh liable if Endorsement 17 is found valid. It then voluntarily settled with American Zurich and National Union in the underlying action, but did not reach resolution on the issue of the validity of Endorsement 17 – the basis for its third-party complaint. Despite settling the underlying action without resolving the validity of Endorsement 17, it still seeks to recover from Marsh. However, no basis for recovery remains in the third-party complaint. To the extent that Cooper Tire has separate and independent claims against Marsh independent of the validity of Endorsement 17 that may be adjudicated within the parameters of the third-party complaint, as Cooper Tire now claims, those claims were never asserted in the third-party complaint, or in any amended third-party complaint, as separate and independent claims. Furthermore, even if they had been adequately pled in the complaint, with the settlement of the underlying action, it was entirely within the discretion of the district court whether to allow any independent and separate claims to proceed. We find no abuse of discretion in its decision not to do so.

Cooper Tire's third-party complaint was entirely proper when it was filed pursuant to the district court's supplemental jurisdiction under 28 U.S.C. § 1367(a) and Rule14(a). The claim was clearly derivative of the original action and Marsh's liability was made dependent on the outcome of the litigation in the original action between Cooper Tire, American Zurich and National Union. However, once the underlying action was settled, the continuing viability of Cooper Tire's third-party complaint, as a derivative action, came under question and the district court did not abuse its discretion in dismissing the action. *See Bjorgung v. Whitetail Resort*, Civ. Act. No. 1:03-CV-2114, 2007 WL 2906267 at *5 (M.D. Pa. Sept. 28, 2007).

Cooper Tire also argues on appeal that the district court erred in not (1) allowing Cooper Tire to amend its complaint or (2) reading the complaint without the contingency concerning the validity of Endorsement 17. As for amending the complaint, Cooper Tire never requested to amend its complaint after its First Amended Third-Party Complaint was filed in February 2005, so the district court could not have erred in not allowing Cooper Tire to amend its complaint when no such request was ever made to the court. The district court was not required to *sua sponte* understand that Cooper Tire was asking for something other than what it had requested in its complaint. As for reading the complaint in a manner different from that presented, it was Cooper Tire's choice and strategic decision to present its complaint against Marsh as a declaratory judgment action contingent on the outcome of the underlying action. Cooper Tire could have brought an action against Marsh and American Zurich that was simply for damages based on the actions of those two parties in negotiating, executing and authorizing Endorsement 17. It was also Cooper Tire's choice to agree

to the Stipulated Order of Dismissal that dismissed its counterclaim against American Zurich with prejudice (J.A. at 267).

For the foregoing reasons, the judgment of the district court is affirmed and the claims of Cooper Tire & Rubber Company should be dismissed without prejudice.