Cecilio **GUTIERREZ-MORALES,**
et al., **Plaintiffs,**

v.

Earl Lee **PLANCK, Jr.,** et al., **Defendants.**

**Action No. 5:15-CV-158-JMH**

United States District Court,
E.D. Kentucky,
Central Division at Lexington.

Signed 07/29/2016

Angela M. Graves, Caitlin I. Berberich, Gerardo A. Gonzalez, Southern Migrant Legal Services-Nashville A Project of Texas Riogrande Legal Aid Inc., Nashville, TN, Douglas L. Stevick, Texas Riogrande Legal Aid, Inc., St. Louis, MO, McKenzie Louise Cantrell, Louisville, KY, for Plaintiffs.

Catherine Salmen Wright, Timothy Reed Wiseman, Dinsmore & Shohl LLP, Lexington, KY, Kathleen Cassidy Tranter, Kelleene Ann Holden, Kevin F. Hoskins, Dressman Benzinger Lavelle, Cincinnati, OH, for Defendants.

## ORDER

Joseph M. Hood, Senior U.S. District Judge

This matter is before the Court upon Defendants' Motion for Leave to File a Third-Party Complaint. [DE 53]. Plaintiffs have filed a response [DE 55] and Defendants have replied in further support of their motion [DE 57], thus, Defendants' motion is ripe for review. Having reviewed the motion, response, and reply, and being otherwise adequately advised, the Court will deny Defendants' motion for the reasons set forth below.

### I. Background

On May 28, 2015, Plaintiffs, who consist of nine migrant farm workers from Mexico, filed suit against Defendants, Earl Lee Planck, Jr., B.S. Land and Cattle Company, LLC, John D. Watkins, High Point Farms, LLC, and Chad Price. [DE 1]. Plaintiffs allege that they were recruited, hired, employed, and housed by Defendants for the purpose of performing agricultural work on Defendants' tobacco farms via temporary work visas pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a)(the "H-2A program") during the 2013-2014 and 2014-2015 farming seasons. *Id.* Plaintiffs allege that while employed by Defendants, Defendants paid Plaintiffs wages below their promised contract wage and less than the Fair Labor Standards Act ("FLSA") wage, housed Plaintiffs in sub-standard facilities, and unlawfully confiscated Plaintiffs' passports and other personal documents in an attempt to prevent Plaintiffs from leaving their employment before the end of the season. *Id.* Plaintiffs have asserted the following causes of action against Defendants: violation of the FLSA minimum wage requirement, breach of contract as set forth in the U.S. Department of Labor ("DOL") clearance orders, and unlawful conduct under 18 U.S.C. § 1597(a)(3) with respect to Plaintiffs' immigration documents. *Id.* Defendants filed their Answer to Plaintiffs' Complaint on August 7, 2015. [DE 13].

The Scheduling Order was entered for this matter on September 1, 2015, which provides, among other deadlines, that all motions to amend pleadings or join additional parties shall be filed by January 4, 2016. [DE 20 at ¶ 4]. In light of settlement negotiations, the Scheduling Order was amended, in part, on March 2, 2016, setting the discovery deadline for September 30, 2016 with trial to begin on March 7, 2017. [DE 41]. No amendments were made to the January 4, 2016 deadline to amend or join. [DE 41].

On June 20, 2016, pursuant to Fed. R. Civ. P. 14, Defendants filed the instant Motion for Leave to File Third-Party Complaint against ALS, Inc. ("ALS") along with their proposed third-party complaint. [DE 53; 53-8]. As a basis for their motion, Defendants contend that ALS contracted with Defendants to act as Defendants' representative in the process of obtaining H-2A laborers during the 2013-2014 and 2014-2015 farming seasons. *Id.* As such, Defendants base their third-party liability argument on various Agency and Indemnity Agreements entered into between Defendants and ALS, arguing that if they are found liable to Plaintiffs, ALS is derivatively liable to them. [DE 53-2, 53-3, 53-4]. Plaintiffs oppose Defendants' motion on the ground that the third-party claims are independent of Plaintiffs' main claims and because the motion is untimely and prejudicial. [DE 55].

## II. *Standard*

■ A defendant may serve a "complaint on a nonparty *who is or may be liable to it for all or part of the claim against it.*" Fed. R. Civ. P. 14(a)(1)(emphasis added). "A third party complaint may be maintained in those cases where the third party defendant would be liable secondarily to the original defendant in the event the original defendant is held liable to the plaintiff." *Baker v. Moors*, 51 F.R.D. 507, 509 (W.D.Ky.1971); *see also Amer. Zurich Ins. Co. v. Cooper Tire & Rubber Co.*, 512 F.3d 800, 805 (6th Cir.2008) ("The purpose of Rule 14 is to permit additional parties whose rights may be affected by the decision in the original action to be

joined so as to expedite the final determination of the rights and liabilities of all the interested parties in one suit." (citing *Dishong v. Peabody Corp.*, 219 F.R.D. 382, 385 (E.D.Va.2003))).

■ Where, as here, a defendant seeks to file a third-party complaint more than fourteen days after filing its original answer, it must first request the Court's permission. Fed. R. Civ. P. 14(a)(1). Whether to grant leave for a third-party complaint is within the discretion of the trial court. *Gen. Elec. Co. v. Irvin*, 274 F.2d 175, 178 (6th Cir.1960). The timeliness of such a motion is "an urgent factor governing the exercise of such discretion." *Id.* at 178. "[T]imely motions for leave to implead third parties should be freely granted [...]unless to do so would prejudice the plaintiff, unduly complicate the trial, or would foster an obviously unmeritorious claim." *Trane U.S. Inc. v. Meehan*, 250 F.R.D. 319, 322 (N.D.Ohio 2008)(quoting *Nova Prods., Inc. v. Kisma Video, Inc.*, 220 F.R.D. 238, 240 (S.D.N.Y.2004)).

## III. *Discussion*

■ The Court finds that Defendant's motion for leave to file a third-party complaint must be denied for the following reasons.

First and foremost, Defendants' motion is untimely. The Scheduling Order provides "[t]hat all motions to amend pleadings or join additional parties shall be filed by January 4, 2016." [DE 20 at ¶ 4]. The motion at hand was not filed until June 20, 2016, which is more than a year after the complaint was filed and more than six months after the deadline for amending pleadings and joining parties. Defendants cite change of counsel and settlement attempts as reasons for their delay in filing their motion to file a third-party complaint, neither of which excuse the Court finds persuasive.[1]

Second, as the Sixth Circuit explained, "[t]hird-party pleading is appropriate only where the third-party defendant's liability to the third-party plaintiff is dependent on the outcome of the main claim; one that merely

---

1. The Court notes that counsel of record for Defendants filed a Notice of Appearance in this

action on October 26, 2015. [DE 22, 23].

arises out of the same set of facts does not allow a third-party defendant to be impleaded." *Zurich*, 512 F.3d at 805. Here, Defendants base their third-party liability claims on Agency and Indemnity Agreements between Defendants and ALS, in which ALS agreed to prepare and process all forms and documents required for the H-2A workers on behalf of Defendants pursuant to the regulations of the state agency, DOL, and U.S. Customs and Immigration Service ("USCIS"). [DE 53-8]. Defendants argue that when some of the plaintiffs in this action allegedly abandoned their employment with Defendants, Defendants notified ALS of the abandonment but ALS "apparently failed to provide written notice of the H-2A workers' abandonment to the [DOL] as required under the federal regulations for H-2A laborers." [DE 53-1 at 3]. Because of ALS's purported failure to submit written notice of the workers' abandonment to the DOL, Defendants argue that "[a]ny potential liability for damages relating to H-2A worker abandonment lies with ALS." *Id.*

Plaintiffs' claims, on the other hand, relate to alleged unpaid wages, breach of their employment contracts, and unlawful passport withholding while employed by Defendants. [DE 1]. Thus, while Defendants' third-party claims may arise out of facts related to those set forth in Plaintiffs' original claims, i.e. facts relating to Plaintiffs' employment by Defendants during the 2013-2014 and 2014-2015 farming seasons, the Court finds that Defendants' third-party liability claims are not dependent on the outcome of Plaintiffs' claims against Defendants. If Defendants are found liable to Plaintiffs in this action for unpaid wages, breach of employment contracts, and unlawful passport withholding, ALS will not be derivatively liable to Defendants as ALS's contractual responsibility to Defendants relates to DOL and USCIS form and document compliance, not to Plaintiffs' working conditions. Without a direct line of liability, the Court finds that allowing the third-party claims to proceed would unduly and unnecessarily complicate trial.

Finally, Defendants' motion must be denied because it would be prejudicial to Plaintiffs, who filed this suit well over a year ago.

As Plaintiffs point out, the addition of ALS to this action would undoubtedly require an extension of the upcoming September 1, 2016 discovery deadline and, potentially, the currently scheduled trial date, which the Court finds unfavorable especially in light of the distinctiveness between Plaintiffs' claims and Defendants' proposed third-party liability claims.

### IV. Conclusion

Accordingly, for all of the reasons stated above, **IT IS ORDERED** that Defendants' Motion for Leave to File a Third-Party Complaint [DE 53] is **DENIED**.